**LANG et al. v. JERSEY GOLD CREAMERIES, Inc., et al.***

**No. 5384.**

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

*Rehearing denied March 1, 1937.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant Ætna Casualty Co.

George T. McSween, of Shreveport, for appellant Monroe C. Lang.

Foster, Hall, Barret & Smith and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellee.

TALIAFERRO, Judge.

Monroe C. Lang and wife originally instituted this suit against Jersey Gold Creameries, Inc., to recover damages for themselves and for the use and benefit of their ten year old son, J. W. Lang, and for cause of action allege that defendant's employees, in charge of and operating its milk wagon on Willard street in the city of Shreveport, on or about September 5, 1935, did drop an empty milk bottle on said street, almost in front of plaintiffs' home, which bottle was broken to pieces from the impact; that said employees did not pick up and remove the broken pieces of said bottle, but left them in the street and on the edge of the sidewalk; that on or about September 12, 1935, petitioners' said minor son, while barefoot and playing with other children on the sidewalk and in the street in front of their said house, stepped on a part of said broken bottle, seriously cutting the left heel. It is further alleged that as a result of the severing of the nerves, ligaments, tissues, etc., of the heel, the son has been permanently disabled and will be a cripple for life. Said injury and its results, it is alleged, were solely caused by the carelessness and negligence of defendant's employees, (1) in that they broke said bottle on the street, and (2) in allowing the broken particles of glass to remain in the street where they knew small children were accustomed to playing.

To this original petition, defendant excepted on the ground that it disclosed no cause and no right of action. These exceptions were sustained as to Mrs. Lang, but in other respects overruled. Defendant then answered, denying all the allegations of the petition excepting those which assert that defendant, through its agents and employees, operated a milk wagon on Willard street. This is admitted. In the alternative, the contributory negligence of the minor son in several respects is pleaded in bar of recovery by plaintiffs; and, further in the alternative, contributory negligence of plaintiff in two respects is pleaded and urged to prevent recovery by him. In view of the conclusion we have reached on the primary question of fact raised in the case, as will be hereinafter discussed, the details of fact set up in the contributory negligence pleas are here omitted.

Further answering, defendant averred that at date of the alleged accident to plaintiffs' son there was in force between it and the Ætna Casualty & Surety Company a contract of public liability insurance by the express terms of which said surety company insured and agreed to indemnify defendant against all loss or expense resulting from claims arising from any accident by reason of the ownership, maintenance, or use of any of its horse-drawn vehicles and/or by reason of carrying of goods in or upon such vehicles and/or by reason of the loading or unloading of such vehicles; and that the vehicle alleged to be involved herein was embraced within the coverage of said policy; that therein said surety company agreed to defend insured (defendant) in any section instituted against it by reason of the operation, loading, and unloading of said milk wagon, and also agreed to pay to the person or persons entitled thereto all damages occasioned by the operation, etc., of said milk wagon; that immediately upon being apprised of plaintiff's claim, the basis of this suit, notice thereof was given said surety company by defendant, its adjuster conferred with, and details and particulars pertaining to the claim, within defendant's knowledge, were furnished it; that after service upon defendant, a copy of petition and citation were tendered to the surety company and demand made upon it to defend this action, in keeping with the policy provisions, but that it refused to do so. In the interest of brevity we shall hereafter refer to the Jersey Gold Creameries, Inc., as the creamery, and to the Ætna Casualty & Surety Company as the Ætna Company.

The Ætna Company was called in warranty, and it was prayed that in event defendant was cast for any amount that a like judgment be rendered in its favor and against said insurer. Reservation was made of its rights to sue the Ætna Company for expenses incurred in defending this suit and for all damages resulting from its breach of the policy contract.

Thereafter, defendant amended its answer by alleging that it had been forced to employ counsel to defend this action, since the Ætna Company refused to defend it, and, on this account, had incurred responsibility for payment of the fee of such counsel, a reasonable fee for such services being $750. Judgment for said amount is prayed for.

The Ætna Company, in limine, interposed a plea of prematurity to the call in warranty, based upon the policy provision to the effect that no action shall lie against the insurer to recover thereunder any loss or expense incurred unless and until the amount thereof has been definitely determined by final judgment of court in a suit against the insured. In the alternative, should said plea be overruled, it is then averred that defendant is without right or authority to call the insurer in warranty and that said call in warranty discloses neither a cause nor right of action against the insurer. The exceptions and the plea of prematurity were overruled. The exceptions are urged here.

Plaintiff made the Ætna Company defendant by supplemental petition and judgment against it was prayed for solidarily with the Jersey Gold Creameries, Inc. It is alleged that this company issued a policy of public liability insurance to the creamery under the terms of which it was bound to protect the insured against loss and indemnify it for all damages sustained by third persons by reason of accidents and injuries of the character herein described. This defendant excepted to plaintiff's original and supplemental petitions as not disclosing a cause or right of action as against it. These exceptions were also overruled. It then answered the call in warranty and the original and amended petitions. It admitted issuing to the creamery a policy of public liability insurance, but denies that the accident and injuries alleged upon by plaintiffs are within its coverage; and in all other respects denies the allegations of fact contained in plaintiff's petitions and denies any liability to him on any account. In the alternative, this defendant adopted those portions of the answer of the creamery which contain the pleas of contributory negligence. In answer to the original and amended calls in warranty, it avers that the policy issued by it to the creamery does not embrace within its coverage claims for damages such as are sued for herein; denies that it was or is under any obligation to defend this suit under the policy contract; and therefore denies liability for payment of the counsel fee sued for.

Plaintiff also, by amendment, made the American Employers' Insurance Company a defendant. In solido liability of this company with the creamery and the Ætna Company is alleged because of issuance by it of a policy of public liability insurance to the creamery which covers accidents of the character and resultant injuries described in plaintiff's petition, and protects the insured against loss and damages occasioned thereby.

Plaintiff's demands were rejected and his suit dismissed. There was judgment for $350 in favor of the creamery company and against the Ætna Casualty & Surety Company for counsel fees. This company and plaintiff appealed. Increase in the amount of the fee is here prayed for.

No brief has been filed on behalf of plaintiff. We are satisfied, notwithstanding this, that he has not abandoned his appeal, and, for this reason, we shall consider and pass on the merits of the case, and not dismiss the appeal as having been abandoned.

The milk bottle was not broken on the street in front of plaintiff's home, nor were the broken particles of glass left where the bottle fell, as alleged by him. He lived in Willard street and the bottle was broken around the corner on 62d street. The broken pieces were picked up by the creamery's employees in charge of its horse-drawn wagon and deposited in the east end of an old box culvert at intersection of the two streets. This was some distance from plaintiff's home, but the record does not definitely disclose how far. One week later, plaintiff's son, while, playing with an older brother and another boy on the street and sidewalk in front of his residence, ran down the sidewalk towards the culvert and jumped to the ground when within two or three feet from its easterly end. His left foot landed on the neck of a milk bottle and was badly cut. Plaintiff contends that this bottle is the one left there by defendant's employees. This contention is definitely challenged by defendant. The top part of the bottle on which young Lang's foot was cut was broken off, leaving two spear-shaped portions of the neck. On these the heel was cut. The spot where the injury occurred is not exactly where defendant's

employees say the glass was left. The two employees are positive that the bottle was broken into many pieces when it fell to the street; that it required two or three minutes to pick them up; and that of these pieces not one equaled half of the bottle. It is defendant's rule that routemen are charged 5 cents for each bottle delivered to them and credit therefor is only given when the whole bottle, or as much as one-half thereof in one piece, is returned to it. In corroboration of the employees' version of the breaking of the bottle, it is argued that if half of the bottle had been intact it would have been returned to the employer for credit. One of the boys says that the bottle had defendant's trade-name on it. This is not conclusive as to identity as other dairies sold and delivered milk in that vicinity and their bottles unavoidably became mixed. The routemen invariably accepted empty bottles tendered them by their patrons, regardless of whose name or stamp appeared thereon. It is also shown that in collecting and handling empty bottles many are broken. In the present case, the offending bottle could easily have floated down the drain ditch on Willard street and stopped in the cross current at the culvert's east end. It is not uncommon that glass and broken bottles are thrown into the drain ditches and culverts of that part of the city. The identity of the bottle on which the son's heel was cut with that which was broken by defendant's employees has not been established. We agree with the lower court's finding on this question of fact. This conclusion carries with it rejection of plaintiff's suit, and the elimination of American Employers' Insurance Company as a defendant. There remains for adjudication the question of the Ætna Company's responsibility for defendant's counsel fee.

The "Teams Public Liability Policy," issued by the Ætna Company to the creamery, contains the following covenants pertinent to the claim for counsel fee, viz:

"Risks assumed

"I. Loss and/or expense resulting from claims upon the Assured for damages on account of bodily injuries and/or death alleged to have been accidentally suffered by any person or persons not employed by the Assured whether any such person be the claimant or otherwise.

"II. Any such claim is covered, to the extent herein defined, if made at any time on account of any accident occurring, during the policy period, anywhere within the United States (exclusive of the insular possessions thereof and Alaska) or Canada, which is alleged to have been caused by reason of the ownership, maintenance and/or use of any team (which, for the purposes of this insurance, means any draft or driving animal and/or any vehicle drawn or designed to be drawn by one or more draft or driving animal or animals) owned or hired by the Assured as described in the application and/or by reason of the carrying of goods in or upon such team and/or by reason of the loading or unloading thereof. * * *

"IV. The Company will, in the name and behalf of the Assured, investigate any such claim made on account of an accident which is alleged to have occurred during the policy period and of which it shall have notice as required herein and shall defend, in like manner, any suit or other proceeding which may be brought to enforce the same. * * *"

Commenting upon these stipulations, counsel say:

"The dominating thought in the foregoing policy provision is that only accidents are covered that occur with the particular milk wagon insured 'by reason of * * * the use' of same. This clearly means that a causal connection between the use of the team or milk wagon and the accident or injury must be one unbroken by any intervening cause."

This reflects the position of the Ætna Company with regard to the right of defendant to call it in warranty. Its contention is that because of lapse of time between the breaking of the bottle and the wounding of the heel, all revealed from the face of the petition, that the facts exclude the case from the coverage of the policy, and therefore no cause or right of action is disclosed by the petition. We do not think this position tenable. It is not disputed that if the fragments of this broken bottle had been left on the street and sidewalk in front of plaintiff's home, where small children were known to habitually play, as charged in the petition, and one of them inadvertently cut his foot by stepping thereon, that the negligence of the employees in so doing would be actionable. The original negligence was the breaking of the bottle when it was imprudently tossed by one employee, on the sidewalk, to another on the wagon, and allowed to fall to the street. This was done in

the process of loading. The second negligence consisted in leaving the glass where it fell (according to the petition). The risks assumed by the insurer are—

Loss and expense resulting from claims upon the assured for damages on account of bodily injuries or death alleged to have been accidentally suffered by a person or persons not employed by the assured.

The claims covered by the policy are—

Those alleged to have been caused by reason of the use of any team and/or any animal drawn vehicle owned or hired by the assured, "and/or by reason of the carrying of goods in or upon such team or vehicle and/or by reason of the loading or unloading thereof."

The burden of plaintiff's claim is that it arose from the negligent acts of defendant's employees while engaged in loading its horse-drawn milk wagon; and it is not necessary that the claim be well founded in fact or law for the policy's indemnifying provisions to be applicable. It will be noted that in section IV, quoted above, the company, in the name and behalf of the assured, will investigate any such claim (made on account of an accident) and "shall defend, in like manner, any suit or other proceeding which may be brought to enforce the same." It is not entirely within the discretion of the insurer to determine which suits against the assured it will or will not defend. In the present suit, the trial court held that the petition disclosed a cause of action against the insured. It required a trial to determine the merits of the case. The suit is a serious one and we think one which the insurer was bound to defend under the covenants of its policy. The insurer has not the right to await the result of such a suit, before deciding whether it should defend it. It is not within its rights to say to defendant, even in cases whose outcome is doubtful, that if plaintiff wins, the policy provisions will be binding, but if he loses, they are not binding.

No Louisiana cases construing these policy provisions have been cited by counsel, and we have found none. Cases cited from other jurisdictions are not persuasive of the question. We think the policy stipulations free of serious ambiguity and support defendant's contention.

Counsel for the Ætna Company briefly say that if there is liability on its part for the counsel fee, that the American Employers' Insurance Company is jointly liable with it therefor. We do not think this company's policy covers accidents of the character alleged upon in this case, and, in addition, the merits of the case were defended by it.

 The trial judge was in a better position than we to correctly appraise the value of the services rendered and to be thereafter rendered by defendant's counsel. There should be manifest error in his judgment in this respect to warrant revision here. Our own opinion is that the amount for which judgment was given is adequate.

For the reasons assigned, the judgment appealed from is affirmed with costs.

