195 So.2d 679 (1967)
Joseph BENOIT et pere, Plaintiffs-Appellees,
v.
Marjorie Davis FUSELIER, Defendant-Third-Party Plaintiff-Appellant,
CONTINENTAL CASUALTY COMPANY, Third-Party Defendant-Appellee.
No. 1913.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1967.
Rehearing Denied March 8, 1967.
*680 Veil D. DeVillier, Eunice, for defendant-appellant.
Plauche & Plauche, by A. Lane Plauche, Lake Charles, for defendant-appellee Continental Cas. Co.
Baggett & Hawsey, by R. Scott McClain. Lake Charles, for plaintiffs-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
This is a suit by a passenger for damages caused by the negligent operation of a motor vehicle. The driver was a minor who was operating a friend's vehicle. The principal issues of this appeal concern the obligations of a liability insurer who had issued a "Family Combined Automobile Policy" to the minor's mother-tutrix. This policy provided certain coverage with regard to operation of "non-owned" vehicles not described by the policy, such as that involved in the accident.[1]
*681 The plaintiff Benoit was injured while riding in an automobile belonging to one Davis and driven at the time by Smyrl, a 19-year-old minor. He sues for his personal injuries.[2] The defendant is the mother-tutrix of Smyrl. By third-party demand, she impleads the insurer (Continental) which had issued her a policy of liability insurance covering operation of her own car.
Mrs. Fuselier, the defendant mother, appeals from adverse judgment, which awarded the plaintiffs damages but which rejected her own third-party demand against Continental.
There is no substantial dispute as to Smyrl's negligence being the sole proximate cause of the accident, nor as to the liability of his mother-tutrix (the defendant Mrs. Margaret D. Fuselier) for any damages caused by the tort of her minor son.
The sole issues of this appeal concern (1) whether the liability of Mrs. Fuselier for her son's tort is covered by the insurance policy issued by Continental to her, and (2) whether Continental, irrespective of its own liability for the son's tort, had a contractual duty to defend Mrs. Fuselier, its named insured, when made defendant in a suit alleging facts by reason of which there was coverage under Continental's policy.
1. Mrs. Fuselier's tort liability and Continental's coverage of it.
At the time of the accident there was in effect a "family automobile policy" issued by Continental to Mrs. Fuselier. By its insuring clause, Continental agreed to pay on behalf of Mrs. Fuselier all sums within policy limits for which she would become legally obligated to pay as damages arising out of the ownership, maintenance, or use of the owned automobile described in the policy. The policy also covered the use or operation of a non-owned automobile if such use "is with the permission, or reasonably believed to be with the permission, of the owner * * *." (Italics ours.)
The trial court held there was no coverage because Smyrl's use of the Davis vehicle was unauthorized by either actual or implied consent of its owner. With regard to coverage, the sole contention by Mrs. Fuselier upon appeal is that the trial court committed factual error in this conclusion. In this regard, the factual issue is whether Smyrl was operating the automobile owned by Davis with the actual or implied permission of Davis's daughter, Linda.[3]
Without detailed discussion of the evidence, it shows that Smyrl suddenly got into the Davis car, which was parked with door open and motor running, and then drove off to change his shirt. Although Smyrl had been with Linda and other teenagers for several hours, we cannot say the trial court committed manifest error in finding that there was no implied authority from Linda to Smyrl for him to commandeer her automobile.
Thus, at the time of the accident, he was not driving the non-owned automobile with permission of its owner or any reasonable belief he had such permission. Therefore, the damages caused by his negligent operation of the automobile were not within the "non-owned" coverage of Continental's policy issued to Mrs. Fuselier, his mother. See Jones v. Indiana Lumbermen's Mutual Ins. Co., La.App. 4 Cir., 161 So.2d 445 (a *682 named insured's son was there held not within such coverage while driving without consent).
We must therefore affirm the trial court's dismissal of Mrs. Fuselier's third-party demand against Continental insofar as she sought to have it held liable for any award made against her.
2. Continental's contractual duty to defend its named insured, Marjorie Davis Fuselier.
Nevertheless, as will be shown, Continental was under an independent contractual duty to defend the suit brought against its named insured, Mrs. Fuselier, even though (as ultimately determined after trial on the merits) the claim was not within the liability coverage of Continental's policy.
Under the terms of the insuring clause, Continental agreed to pay all sums for which the insured was held liabile arising out of the "use of the owned automobile or any non-owned automobile, and [additionally'] the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent * * *." (Italics ours.)
Continental contends, however, that Mrs. Fuselier is not an insured within the meaning of the policy unless the use of the nonowned automobile was with the actual or implied permission of the owner. Since we have determined that there was no such permission, Continental ably argues that therefore Mrs. Fuselier could not be an "insured" entitled to the protection of the independent contractual duty of Continental to defend even groundless suits against its insured.
This contention overlooks the general rule that the insurer's duty to defend suits brought against its named insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. C. A. Collins & Son v. Pope Bros. Steam Cleaning Co., La.App. 2 Cir., 155 So. 2d 278; Kelly v. United States Fidelity & Guaranty Co., La.App. 2 Cir., 76 So.2d 116; Lang v. Jersey Gold Creameries, La. App. 2 Cir., 172 So. 389; Annotation: Liability InsurerDuty to Defend, 50 A.L.R. 2d 458; Annotation: Liability InsurerRefusal to Defend, 49 A.L.R.2d 694; 45 C.J.S. Insurance § 933; 7 Am.Jur. Automobile Insurance, Sections 160, 162; 14 Couch on Insurance 2d, Section 51:40; 7A Appleman on Insurance Law & Practice, Section 4683 (1962 volume).
Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claim within the scope of the insurer's duty to defend the suit brought against its insured. See, e. g., 7A Appleman, cited above, Section 4683, at footnote 27.10, and 50 A.L.R.2d 458 at 503 (citing many cases).
Under these tests the plaintiffs' petition in the instant suit alleged facts against Mrs. Fuselier, the named insured, which obligated Continental to furnish her a defense for the suit: Under the allegations she was liable for her son's use of the nonowned automobile, nor are there any allegations that the minor's use of the automobile was not authorized by its owner.
In support of its contention, the appellee Continental cites Smith v. Insurance Company of State of Pa., La.App. 1 Cir., 161 So. 2d 903. There, an insurer was sued on allegations that the son of an employee of the insured had the insured's implied permission to use the insured automobile. The court held that not only was there no coverage of the tort liability of this alleged omnibus insured, but further that the insurer was not *683 obligated "to provide a defense for a stranger merely because the plaintiff alleges the defendant is an insured or alleges facts, which, if true, would make defendant an insured." 161 So.2d 903 at 919. (Italics ours.) In the same paragraph, however, the deciding court recognized that the named insured is entitled to application of the general rule that the duty of an insurer to defend is measured and determined by the allegations of the petition rather than by the outcome of the litigation.
We may say, however, there are seemingly contrary expressions in some jurisprudence, mostly interpreting earlier variations of the insurer's contractual obligation to defend suits, see Annotation, 49 A.L.R.2d 694 at 706; but that the predominant and better view is that the insurer's duty to defend is nevertheless measured by the allegations of the petition even though the insurer may have determined there was no coverage on the basis of known or ascertainable facts. See Annotation, 50 A.L.R. 2d 458 at 497 (Sections 17, 18, see also 5 A.L.R.2d Later Case Service, pp. 98-99, 1965).
We therefore hold, as contended by Mrs. Fuselier the appellant, that Continental was under a contractual duty to defend the suit brought against her, its named insured, alleging facts within the coverage of the automobile liability policy issued to her. Additionally, by reason of a supplementary payments agreement, Continental is obligated to pay all costs taxed against the insured in any such suit. Since Continental failed to fulfill its contractual duty, it is liable to the defendant Mrs. Fuselier upon her third-party demand for reasonable attorney's fees and for all costs of these suits. In the absence of evidence in the record showing the value of such reasonable attorney's fees, this appellate court will non-suit plaintiff's claim in this regard. Thomas W. Hooley and Sons v. Zurich General Acc. & Life Ins. Co., 235 La. 289, 103 So.2d 449, 67 A.L.R.2d 1078.
Decree.
Accordingly: (a) we affirm the trial court's judgment in favor of the plaintiffs and against the defendant Mrs. Fuselier, but dismiss the plaintiffs' suit as against Continental Casualty Company; (b) we affirm the judgment of the District Court rejecting Mrs. Fuselier's third-party demand against Continental insofar as she sought to have Continental held liable for any award against her, but (c) we reverse it insofar as it dismissed her third-party demand to have Continental held liable for costs and reasonable attorney's fees incurred by her in defense of this suit; and (d) we amend the trial court judgment so as to non-suit Mrs. Fuselier's demand for reasonable attorney's fees and so as further to decree that the third-party defendant, Continental Casualty Company, is to pay all costs of this suit and of this appeal.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] This is one of three companion appeals arising out of this accident and involving identical issues. The reasons for decision are set forth in the present opinion, with the companion decrees decided this same date being reported at Davis v. Fuselier, 195 So.2d 683 and Conner v. Fuselier, 195 So.2d 684. There is no substantial issue as to the quantum awarded in any of the suits.
[2] His father is co-plaintiff for medical expenses, since Benoit became emancipated by marriage subsequent to the accident and after his father had hereby incurred medical expenses.
[3] Linda had implied authority from her father to permit the use of the automobile by other persons. Her father had given her unrestricted authorization to use the car, with thus his implied consent to allow third persons to use it while entrusted to her. Peterson v. Armstrong, La.App. 3 Cir., 176 So.2d 453, certiorari denied; Touchet v. Firemen's Insurance Co., La.App. 3 Cir., 159 So.2d 753, certiorari denied.