**PARKS EQUIPMENT COMPANY**

v.

**The TRAVELERS INSURANCE COMPANY.**

**Civ. A. No. 67–34.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 17, 1968.

R. Gordon Kean, Jr., Sanders, Miller, Downing & Kean, Baton Rouge, La., for plaintiff.

Robert J. Vandaworker, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for defendant.

WEST, Chief Judge:

The sole issue involved in this case is whether or not the defendant, The Travelers Insurance Company, breached its obligation to defend the plaintiff, Parks Equipment Company, to whom it had issued a comprehensive general liability policy of insurance, when the latter was forced to defend itself in a personal injury suit filed against it in a State Court proceeding. All pertinent facts in this case are uncontested and have been reduced to a stipulation entered into by counsel for both sides and filed in the record. After considering these facts and the law applicable thereto, this Court concludes that the defendant, The Travelers Insurance Company, arbitrarily and capriciously breached its contract to defend. The stipulated facts in their entirety are as follows:

"It is stipulated by and between the parties to this suit that:

1.

On March 10, 1959, Herman Thibodeaux, an employee of Delta Tank Manufacturing Company was injured in the course and scope of his employment in Baton Rouge, Louisiana while participating in the testing of a piece of oilfield equipment manufactured by his employer for Humble Oil & Refining Co.

2.

The oilfield equipment was described as a 'dryex unit' and was largely based upon a design invented by A. S. Parks and Dr. Will Dow in accordance with an agreement with Delta Tank.

3.

Among the component parts of the dryex unit involved in the accident of March 10, 1959 was a specialized valve designed by A. S. Parks and Dr. Dow for Delta Tank but which was actually manufactured for Delta Tank by Parks Equipment Company, a machine shop of which A. S. Parks was president but a company in which Dr. Dow had no financial interest and no employment relationship.

4.

On March 10, 1959, Parks Equipment Co. (and certain affiliated companies not involved in this litigation) were insured by The Travelers Insurance Company and The Travelers Indemnity Company under a Comprehensive General Liability Policy Number SLG 7700947, a certified copy of which is attached hereto and made a part hereof as Exhibit No. 1. The coverage dispute presented in this case involves only The Travelers Insurance Company.

5.

On March 9, 1960, a suit entitled 'Herman Thibodeaux vs. Parks Equipment Company and Humble Oil & Refining Company' Civil Action File No. 2308 was

filed in this Honorable Court and the entire proceedings of that suit are made a part hereof by reference.

6.

On August 31, 1960, the suit entitled 'Herman Thibodeaux vs. Parks Equipment Company, et al', Number 77,349 on the docket of the Nineteenth Judicial District Court was filed. A copy of the original petition and a copy of the supplemental petition filed on March 22, 1961 are attached hereto as Exhibits 2 and 3.

7.

Parks Equipment Company made demand upon The Travelers Insurance Company to assume the defense of the suits referred to in paragraph 5 and 6 above by letter dated September 26, 1960, a copy of said letter being annexed hereto as Exhibit 4.

8.

In response to the original and supplemental petitions (Exhibits 2 and 3), Travelers filed exceptions of no cause of action. At the hearing on the exceptions, it was stipulated that the accident sued upon occurred after possession of the valve had been relinquished by Parks Equipment Company and also that the accident occurred away from the premises of Parks Equipment Company. By agreement, a certified copy of the policy issued by Travelers (Exhibit 1) and the depositions of A. S. Parks taken on January 27, 1961 (Exhibits 5 and 5A) were made a part of the record upon which the exception was submitted.

9.

The exception was sustained and the suit was dismissed as to Travelers for written reasons assigned on November 14, 1960 (Exhibit 6).

10.

After Exhibit 6 was handed down, Exhibit 3, the supplemental petition, was filed on March 22, 1961. Travelers filed an exception of no cause of action to that pleading and it was submitted on the same basis as set forth in paragraph 8

of this stipulation. The trial judge then held, for oral reasons assigned, that for the reasons expressed in his opinion of November 14, 1960 (Exhibit 6), the suit should be dismissed as to Travelers.

11.

Travelers was not a party to any suit other than Exhibit 2 and made no appearance directly or indirectly in any other suit. The suit in which Exhibit 2 was filed was the only suit prosecuted by Herman Thibodeaux. No pleadings were ever filed by Parks Equipment Company in the Texas suit referred to in Exhibit 9 but a motion to dismiss was filed in the federal court suit referred to in paragraph 5 of this stipulation. No depositions taken in those cases.

12.

On appeal from the judgment sustaining the exception of no cause of action filed by The Travelers Insurance Company, the First Circuit Court of Appeal of Louisiana reversed the decision of the District Court and remanded the case for trial on its merits. Thibodeaux vs. Parks Equipment Co., et al., 140 So.2d 215 (La.App., 1st, 1962).

13.

The Travelers Insurance Company thereafter applied for writs of review and/or certiorari directed to the Supreme Court of the State of Louisiana, which application was denied on June 15, 1962, the Supreme Court, stating as follows:

'Writ Refused. The judgment is not final. However, our refusal of this writ is not to be construed as an indication that we approve of the result on the exception of no cause of action.'

14.

The suit in which Exhibit 2 was filed, hereafter referred to as 'the suit' was then tried on the merits. At the conclusion of the trial, the suit was dismissed as to Parks Equipment Company and Travelers but the trial court judgment of May 22, 1964 (Exhibit 7) provided that 'a decision on the coverage afforded

by The Travelers Insurance Company under its policy issued to Parks Equipment Company * * * was not necessary because of the Court's opinion on liability and therefore should be pretermitted.'

15.

Appeals were taken by various parties in the suit following the trial court judgment. Travelers answered the appeals of the parties contending that it had coverage for the purpose of raising that issue in the appellate courts.

16.

The decision of the intermediate appellate court is reported as Thibodeaux vs. Parks Equipment Company, 185 So. 2d 232 (La.App., 1st, 1966).

17.

The decree of the First Circuit Court of Appeal of Louisiana in the opinion described in Paragraph 16 above, provided, in part, as follows:

'Accordingly, it is further ordered, adjudged and decreed that any and all rights which Parks Equipment Company may have " * * * for respondent's claims and rights to be reimbursed for all loss or damage caused by Travelers' refusal to recognize and accord coverage and defense of the main demand and third party demand herein, be reserved to respondent as against Travelers".'

18.

Travelers applied for and was granted a rehearing with respect to the coverage question and the opinion of the court on rehearing stated in part that its prior decision 'is the law of the case so far as this court is concerned, and said issue cannot be considered a second time by this court. The matter may, however, be considered by the Supreme Court on writs of certiorari.'

19.

On February 4, 1966, in Thibodeaux vs. Parks Equipment Company, 249 La. 193, 186 So.2d 157 (1966), the Supreme Court refused Thibodeaux's application for a writ of review and the judgment dismissing the plaintiff's suit as to all defendants became final.

20.

On May 3, 1966, Travelers applied for a writ of review from the Supreme Court and in Thibodeaux vs. Parks Equipment Company, 249 La. 200, 186 So.2d 159 (1966) the court stated,

'Writ Refused. No judgment has been rendered against applicant. The Court of Appeal has simply reserved the right of Parks Equipment Company to sue applicant, a right accorded to it by law. If and when such suit is filed, the applicant may assert the same legal issue previously raised by it under its exception.'

21.

On October 3, 1960, Parks Equipment Company further advised The Travelers Insurance Company that Parks was compelled to employ independent counsel for the purpose of defending its interest in the suits described in Paragraphs 5 and 6 hereof, a copy of said letter being attached hereto and marked Exhibit '8' for identification herewith.

22.

Under date of March 13, 1961, then counsel for Parks Equipment Company again advised The Travelers Insurance Company of the pendency of a new suit filed in Houston, Texas and made demand upon said Travelers Insurance Company to defend same on behalf of Parks Equipment Company and A. S. Parks, a copy of said letter being annexed hereto and marked Exhibit '9' for identification herewith.

23.

Under date of March 22, 1961, counsel for The Travelers Insurance Company advised then counsel for Parks Equipment Company Company [sic] and A. S. Parks that Travelers would not defend the suit referred in the letter dated

March 13, 1961, a copy of said letter by counsel for The Travelers Insurance Company being annexed hereto and marked Exhibit '10' for identification herewith.

24.

Under date of July 19, 1962, then counsel for Parks Equipment Company and A. S. Parks again made demand upon The Travelers Insurance Company to assume the defense of the suit on the merits, a copy of said letter being annexed hereto and marked Exhibit '11' for identification herewith.

25.

Under date of July 22, 1962, counsel for The Travelers Insurance Company responded to the letter dated July 19, 1962, and advised then counsel for Parks Equipment Company that any appearance made in the cases would be 'only for and on behalf of Travelers', a copy of said letter dated July 22, 1962, being annexed hereto and marked Exhibit '12' for identification herewith.

26.

Plaintiff, Parks Equipment Company, in order to defend its interest and the interest of A. S. Parks, employed at various times during the course of the litigation instituted by Herman Thibodeaux, the following law firms:

A. Trotter, Childs, Fortenbach and McClure, Houston, Texas.

B. Bean and Manning, Houston, Texas.

C. Sanders, Miller, Downing, Rubin & Kean, Baton Rouge, Louisiana.

27.

Plaintiff, Parks Equipment Company, in order to prepare for the trial in the suit, employed the following experts:

A. Yales Sales Company, Inc.

B. W. MacCrook, Consultant Fee

C. Shilstone Testing Laboratory

28.

The litigation in the suit was protracted, it required the taking of depositions in Houston, Texas, and Baton Rouge, Louisiana, involved a trial which lasted five days and produced 631 pages of testimony, as well as appeals to the First Circuit, Court of Appeal of Louisiana, both on the exceptions and as a consequence of the trial on the merits.

29.

Plaintiff incurred the following expenses and costs for the purpose of defending all of the litigation:

1. Attorneys fees . . $12,500.00
2. Costs . . . . . . 1,142.03
   TOTAL . . . .$13,642.03"

The pertinent part of the insuring agreements pertaining to the defense and settlement of law suits contained in Travelers policies provide:

"INSURING AGREEMENTS

"I. * * *

II. *Defense, Settlement, Supplementary Payments.*

With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, * * * ;

III. *Definition of Insured.* The unqualified word 'insured' includes the named insured and also includes any executive officer, director or stockholder thereof while acting within the course of his duties as such, * * *."

It is the contention of Travelers that the key words in this provision are "with respect to such insurance as is afforded by this policy." Travelers contends that the petition filed by Thibodeaux in the State Court suit did not state a cause of action against Travelers because it did

not state a claim which was covered by the policy in question and hence, Travelers had no obligation to defend.

In the *Thibodeaux* case, which is the basis of the present suit, plaintiff sued, among others, Parks Equipment Company and its insurer, The Travelers Insurance Company, the latter being sued directly pursuant to Louisiana's Direct Action Statute. LSA–R.S. 22:-655. Travelers filed an exception of no cause of action, claiming that its policy excluded "products hazard" and that since the petition, in Travelers' opinion, dealt with an excluded "products hazard," it stated no cause of action against Travelers. The Trial Court sustained the exception and plaintiff appealed. In deciding the question of whether or not a cause of action under the policy was stated in Thibodeaux's petition, the Louisiana First Circuit Court of Appeal said:

"It is axiomatic in Louisiana in passing upon an exception of no cause of action that all well-pleaded allegations of fact in plaintiff's petition are accepted as true. * * * To conclude that the exclusion of products hazard effectively relieves Defendant of all claims asserted by Plaintiff we must, in order to reach such determination, decide that the language of the contract of insurance providing such exclusion clearly and unambiguously so provides, for it is well settled in Louisiana that if the language of the contract of insurance is ambiguous such ambiguities must be construed in favor of the insured and against the insurer." 140 So.2d at p. 218.

The Court thus concluded:

"However, we are of the opinion that under the broad coverage of the 'Insuring Agreements—I. Coverage A' the alleged negligent acts of Parks Equipment Company relating to * * * (d) in representing to Delta Tank Manufacturing Corporation that the valve could be used as a component part of the Dryex unit; (e) in failing to warn Delta that the valve could not safely be used in the Dryex unit; (f) in failing to give proper instructions for its use; and (g) in failing to give proper instructions for its installation in the unit, are not excluded by virtue of the policy's products hazard exclusions endorsement and the definition thereof and as to said acts the petitions set forth a cause of action against Appellee for coverage, and Travelers is a proper party defendant. Therefore, the exceptions of no cause of action filed by The Travelers Insurance Company levelled at Plaintiff's original and supplemental petitions and the Third Party petition of Humble Oil and Refining Company are overruled." 140 So.2d at p. 220.

After this holding, Travelers applied to the Louisiana Supreme Court for writs of certiorari which were denied. Travelers now argues that no weight should be given to the holding of the Louisiana Court of Appeal on the exception of no cause of action because in denying writs, the Louisiana Supreme Court said that their refusal to grant writs was "not to be construed as an indication that we approve the result on the exception of no cause of action." But we cannot ignore the fact that the Louisiana Supreme Court did not reverse the Court of Appeal. It merely denied the issuance of writs.

After the denial of writs, the case was then sent back to the Trial Court for a trial on its merits, and plaintiff, even though recovering against one defendant, lost as to Parks Equipment Company and its insurer, The Travelers Insurance Company. An appeal was again taken to the Louisiana First Circuit Court of Appeal in which Travelers asked the Court to again review and reverse its prior decision which held that the Thibodeaux petition stated a cause of action under Travelers' policy with Parks Equipment Company. In disposing of this matter, the Court said:

"In view of the holding of this court that it is bound by the majority opinion of a previous panel of this Court (see Thibodeaux v. Parks Equipment

Co., La.App., 140 So.2d 215) which overruled an exception of no cause of action based upon Travelers' contention that the policy provided no coverage and Traveler can only obtain a reversal of this decision by application to the Supreme Court upon final judgment herein on the merits, we will reserve the right requested by Parks Equipment Company." Thibodeaux v. Parks Equipment Company, 185 So.2d 232 (La.App. 1st Cir.—1965). (The right referred to was the right of Parks Equipment Company to proceed against Travelers for the cost of defense which Travelers had refused to furnish.)

Following this decision, still another rehearing was granted by the Louisiana Court of Appeal on the limited question of Travelers' policy coverage and the reservation of Parks Equipment's right to proceed against Travelers for damages caused by Travelers' refusal to defend. On this rehearing the Court said:

"The prior ruling by this court on the question presented is the law of the case insofar as this court is concerned.

* * *

"It is, therefore, well established that the issue decided by this court in its prior decision is the law of the case insofar as this court is concerned, and said issue cannot be considered a second time by this court. The matter may, however, be considered by Supreme Court on writs of certiorari." 185 So.2d at pp. 267, 268.

Thereafter, upon application of Travelers, the Louisiana Supreme Court again denied writs of certiorari, and hence "the law of the case" remains unchanged.

In spite of these holdings, Travelers still insists that the question of coverage has not been decided and that the Thibodeaux petition did not, in fact, state a cause of action. It takes the position that the matter has simply been "unfortunately" confused by the "erroneous holding" of the Louisiana Court of Appeal. Such a position is untenable.

It is the opinion of this Court that under Louisiana law, if the petition filed in the Thibodeaux case stated, on its face, a cause of action, there immediately arose an obligation on the part of Travelers to defend. But even if it were conceded that the obligation was not absolute at that time, it surely became absolute when Travelers' exception of no cause of action was heard and overruled by the Louisiana First Circuit Court of Appeal and the case remanded to the Trial Court for trial on its merits. That the decision of the Court of Appeal was final insofar as the Thibodeaux petition stating a cause of action is concerned cannot be disputed. That decision stands today, unaltered, as the law of that case. The Louisiana Court of Appeal refused, on appeal, and again on rehearing, to alter that decision, and the Louisiana Supreme Court twice refused to grant writs of certiorari for the purpose of reviewing that decision.

The cases of Smith v. Insurance Co. of State of Pennsylvania, 161 So.2d 903 (La.App. 1st Cir.—1964) and Benoit v. Fuselier, 195 So.2d 679 (La.App. 3rd Cir.—1967) correctly state the law of Louisiana as it exists today. In *Smith,* the Court said:

"It appears well established in our jurisprudence that failure of an insurer to defend a suit as contemplated by the policy renders the insurer liable for all expenses incurred by an insured in defense of the action, including reasonable attorney's fees. * * *

"There can be little doubt but that the duty of an insurer to defend its insured under a policy of liability insurance is of greater scope than the insurer's duty to pay. Notwithstanding judgment after trial in favor of the insured rejecting plaintiff's demands, the insurer is nevertheless liable for expenses incurred in defense of the action if the allegations of the petition taken as true would result in liability which the insurer is obligated to discharge upon behalf of the insured." 161 So.2d at p. 918.

It must be remembered that in the present case, we do not have to rely entirely on the face of the Thibodeaux petition because there has been an actual judicial determination of whether or not that petition stated a cause of action. The Louisiana Court of Appeal specifically held that the petition did, in fact, state a cause of action under the policy in question. The obligation to defend became absolute at that point. The following language of the *Smith* case is particularly apropos:

"In this regard we cite with approval the following language appearing in the *Lang* case, supra: [Lang v. Jersey Gold Creameries, 172 So. 389 (La.App. 2nd Cir.—1937).]

'* * * It is not entirely within the discretion of the insurer to determine which suits against the assured it will or will not defend. In the present suit, the trial court held that the petition disclosed a cause of action against the insured. It required a trial to determine the merits of the case. The suit is a serious one and we think one which the insurer was bound to defend under the covenants of its policy. The insurer has not the right to await the result of such a suit, before deciding whether it should defend it. It is not within its rights to say to defendant, even in cases whose outcome is doubtful that if plaintiff wins, the policy provisions will be binding, but if he loses, they are not binding.'

"* * *

"It is also well settled that the insurer's obligation to defend a suit against its insured, whether groundless or not, must be measured by the allegations contained in the complaint rather than by the outcome of the suit." 161 So. 2d at p. 918.

And then, in *Benoit*, the Court said:

"Continental contends, however, that Mrs. Fuselier is not an insured within the meaning of the policy unless the use of the non-owned automobile was with the actual or implied permission of the owner. Since we have determined that there was no such permission, Continental ably argues that therefore Mrs. Fuselier could not be an 'insured' entitled to the protection of the independent contractual duty of Continental to defend even groundless suits against its insured.

"This contention overlooks the general rule that the insurer's duty to defend suits brought against its named insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." 195 So.2d at p. 682.

In recognizing contrary expressions in other jurisdictions concerning the duty to defend, the Court continued:

"* * * the predominant and better view is that the insurer's duty to defend is nevertheless measured by the allegations of the petition even though the insurer may have determined there was no coverage on the basis of known or ascertainable facts." 195 So.2d at p. 683.

The decision of the Louisiana First Circuit Court of Appeal in the Thibodeaux case has since been cited by the Appellate Courts of Louisiana on several occasions as properly stating the law of Louisiana. See Hospital Service Dist. No. 1 of Plaquemines Parish v. Delta Gas, Inc., 171 So.2d 293 (La.App. 4th Cir.—1965); Tillery v. Pelican Ice and Cold Storage, Inc., 184 So.2d 65 (La.App. 4th Cir.—1966); American Insurance Co. v. Hartford Acc. & Indemnity Co., 198 So.2d 757 (La.App. 1st Cir. —1967).

Clearly under the law of Louisiana The Travelers Insurance Company owed Parks Equipment Company a defense in the Thibodeaux case. They raised the question of whether or not the allegations of plaintiff's petition stated a cause of action under their policy. This question was decided adversely to Travelers by the Louisiana Court of Appeal and the case was then sent back to the

Trial Court for a trial on the merits. At that point there can be no question but that under the policy Travelers had an obligation to defend Parks Equipment Company at that trial. The decision of the Louisiana Court of Appeal became the law of the case. It was reviewed twice by that same Court, but never reversed or changed. The Louisiana Supreme Court had two opportunities to reverse that decision but declined to do so. Thus the opinion of the Louisiana First Circuit Court of Appeal became final and to this day has not been changed. The obligation of Travelers to defend was clear and absolute after that ruling by the Louisiana First Circuit Court of Appeal. There was, at that time, no uncertainty as to their legal duty. The law of Louisiana and the law of the case was clear. The refusal of Travelers to defend under those circumstances was clearly arbitrary and capricious and as such subjected them to the penalties provided by Louisiana Revised Statutes 22:658, which provides that upon an arbitrary and capricious failure to pay a claim under any insurance contract, the insurer shall be subject to a penalty of twelve per cent damages on the total amount of the loss, together with all reasonable attorney fees for the prosecution and collection of the loss. It has been stipulated that because of Travelers' refusal to defend, Parks Equipment Company was forced to expend, in legal fees and costs, the sum of $13,642.03 in defense of the Thibodeaux suit. Parks Equipment Company is now entitled to recover that amount from Travelers, together with a twelve per cent penalty thereon. In addition thereto, plaintiff, Parks Equipment Company, is entitled to recover a reasonable attorney fee for the prosecution of this suit, which this Court now determines to be the sum of $2,000.-00, making the total amount thus awarded to Parks Equipment Company the sum of $17,279.07, together with interest at the legal rate thereon from date of judicial demand until paid. Judgment will be entered accordingly.