296 So.2d 267 (1974)
Donald SWANSON, Sr., Individually and on behalf of his minor son, Donald Swanson, Jr. and Delores Swanson, his wife
v.
George H. COMEAUX, as father and natural guardian of his minor son, Steven Comeaux, et al.
No. 54249.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied July 1, 1974.
*268 Stephen L. Huber, James J. Morse, Robert A. Katz, Law Offices of Bruce J. Borrello, New Orleans, for defendant-applicant.
C. T. Williams, Jr., Dillon & Williams, Robert N. Ryan, Bienvenu & Culver, New Orleans, for defendants-respondents.
David Gertler, New Orleans, for plaintiff-respondent.
MARCUS, Justice.
This suit involves a collision between two vehicles. The Swansons were the driver and passengers of one vehicle, and Steven Comeaux, the minor son of George H. Comeaux, was the driver of the other vehicle. The Swansons brought suit for damages arising out of this accident against the following defendants: Ronald Marretta, the owner of the automobile which Steven Comeaux was driving, and Marretta's liability insurer, Fireman's Fund American Insurance Company; George H. Comeaux, father of Steven Comeaux, and his liability insurer, Security Insurance Company; Liberty Mutual Insurance Company, the uninsured motorist carrier of the Swanson vehicle.
The trial court rendered judgment in favor of the Swansons against Ronald Marretta and his insurer Fireman's Fund and against George H. Comeaux, but dismissed the suit as to his insurer Security. Suit against Liberty Mutual as the uninsured motorist carrier was also dismissed. Other parts of the judgment are not pertinent to this decision. All parties appealed except Security who answered the appeals.
On this appeal, the parties conceded that the negligence of the minor driver, Steven Comeaux, was the sole proximate cause of the accident and that his father, George H. Comeaux, was vicariously liable for his negligence. The only issues presented were whether Steven had either the express or implied permission of the owner to drive his automobile, and the application of that finding to the insurance coverage afforded to the various parties.
After a thorough review of the facts which were essentially not in dispute, the Court of Appeal concluded, contrary to the trial court, that Steven Comeaux had no permission, either express or implied, to use the Marretta vehicle. Thus, there was no coverage under Marretta's policy with *269 Fireman's Fund.[1] We agree with this conclusion, as we also find no permission of any sort given to Steven Comeaux by Marretta to drive the vehicle. We further agree with the Court of Appeal that Marretta was not negligent under the facts of this case and that the judgment of the trial court was properly reversed as to him. While the Court of Appeal affirmed the judgment against George Comeaux holding him liable for his minor son's negligence, it concluded that there was no coverage under his liability policy with Security. We agree with this conclusion as well as the casting of Liberty Mutual under its uninsured motorist coverage.[2]
Liberty Mutual applied to this Court for review, assigning as its sole assignment of error that the Court of Appeal erred in decreeing that the automobile liability insurance policy issued by Security did not provide coverage for the vicarious liability of George Comeaux resulting from the tortious conduct of his minor son, Steven. It is upon this issue that we granted writs.
Thus, the pivotal issue presented for our review is whether George Comeaux, who is vicariously liable for the negligence of his minor son, is afforded coverage under his automobile liability insurance policy with Security. After careful consideration, we conclude that there is no coverage.
This conclusion is based on the clear and unambiguous manner in which the policy provisions are written.
The pertinent provisions of the policy issued by Security to George Comeaux are as follows:
Persons Insured: The following are insureds under Part I:
(a) with respect to the owned automobile,
(1) the named insured and any resident of the same household,
(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above;
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer,
provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and
(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.
We must bear in mind that we are dealing with the "non-owned" automobile coverage under this policy. Very basically, the issue is whether the proviso "provided his actual operation * * * is with the permission or reasonably believed to be with the permission, of the owner *270 * * *" applies equally to (b)(1), the named insured, and (b)(2), any relative, or does it apply solely to (b) (2).
Liberty Mutual takes the position that the said proviso applies only to (b)(2), whereas Security argues that it clearly applies to both (b)(1) and (b)(2). Therein lies the conflict. Liberty Mutual concedes that if there was no express or implied permission and the proviso applies to both (b)(1), named insured, and (b)(2), any relative, there is no coverage. Security contends that the confusion was caused by the manner in which the proviso clause was typed in the Court of Appeal opinion.[3] It is asserted that, by joining the proviso clause immediately to the end of (b)(2), it makes it appear that the proviso clause applies only to (b)(2) rather than to (b)(1) and (b)(2). It is urged that a review of the policy provisions as written in the contract of insurance will result in a rejection of Liberty Mutual's contention.
A review of the policy provisions clearly demonstrates that the said proviso applies to both (b)(1) and (b)(2). This conclusion is based upon the following reasons.
First, it should be noted that (b)(2) does not extend to the end of the right hand margin, and the proviso language does not begin on the same line as paragraph (b)(2). Also, there is double spacing between that line and the line beginning "provided." The word "provided" is brought out to the far left margin and begins under the numeral (2). As further evidence of this reasoning and logic, reference should be made to paragraph (b)(3). That paragraph is composed of three lines and the word "respect," which begins the second line, is not brought out to the left hand margin and begun under the numeral (3).
Further reference should be made to paragraph (a) referring to "owned automobile" coverage, where (a)(2) is composed of three lines, and the second and third lines are indented the same as paragraph (a)(3) and (b)(3).
It should also be observed that a similar permission proviso appearing under (a)(2) regarding "owned" automobiles is not positioned the same as the permission proviso in (b) with respect to the "non-owned" automobiles. Thus, it is evident that the permission proviso in (b) applies to both (1) and (2) of that section of the policy.
Hence, we conclude that the permission proviso applies equally to (b)(1), named insured, and (b)(2), any relative. Having previously concluded that there was no express or implied permission to use the Marretta vehicle, there is no coverage afforded to George Comeaux as the named insured under (b)(1) of the "non-owned" automobile provision. See American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970); Lusk v. Travelers Insurance Company, 250 So.2d 197 (La.App.1971); Williams v. Buckelew, 246 So.2d 58 (La.App.1971); Benoit v. Fuselier, 195 So.2d 679 (La.App. 1967). While the cited cases reach the same conclusion as we do in the instant *271 case under similar facts and identical policy provisions,[4] it is uncertain as to whether those courts considered the contention that the policy extended coverage to the named insured under (b)(1) of the "non-owned" automobile provision solely because of the vicarious liability of the named insured for the negligence of his minor child. It is our view that this contention would never have been made if the proviso clause had been correctly positioned as it is written in the policy. In any event, it is certain that, under the language of the policy, there must be permission, either express or implied, of the owner of the non-owned vehicle in order to afford coverage to the named insured under (b)(1) of the "non-owned" automobile provision. Therefore, the fact that George Comeaux is vicariously liable for the negligence of his minor son is of no moment.
Hence, we conclude, as did the Court of Appeal, that no coverage is afforded George H. Comeaux under the Security policy.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
NOTES
[1] The policy of Fireman's Fund provides:

"Persons Insured. The following are insureds under Part 1:
"(a) with respect to the owned automobile,
"(1) the named insured and any resident of the same household,
"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * *"
[2] Swanson v. Comeaux, 286 So.2d 117 (La. App.1973).
[3] "(b) with respect to a non-owned automobile,

"(1) the named insured,
"(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and" (Emphasis ours)
This is the manner in which this provision is typed in the original opinion handed down by the Court of Appeal on September 26, 1973, as well as in the advance sheet of the Southern Reporter for January 10, 1974. It is likewise so quoted in the brief of Security filed in this Court. It should be noted that it has since been changed in the bound volume of the Southern Reporter (Volume 286) of West Publishing Company so as to reflect the way the provision is typed in the insurance policy issued by Security.
[4] Counsel for Security attached to his brief certified copies of the insurance policies involved in the cases of Lusk v. Travelers Insurance Company, Williams v. Buckelew and Benoit v. Fuselier, supra. In regard to American Home Assurance Company v. Czarniecki, supra, the policy provisions are set forth on pages 258 and 259 of 230 So.2d.