606 F.2d 650
 INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,
v.
Betty Jo BLACK, Administratrix of the Estate of Lelvoid
Black, Deceased and Karen M. Lee, Administratrix
of the Estate of Aubrey O. Lee, Jr.,
Deceased, Defendants-Appellants.
 No. 79-1958
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 16, 1979.
 James K. Davis, Hamilton, Ala., L. E. Gosa, Vernon, Ala., Bill Fite, Hamilton, Ala., for defendants-appellants.
 Jack B. Porterfield, Jr., Larry W. Harper, Birmingham, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 In this diversity declaratory judgment action, the district court held that a personal automobile policy did not cover the driver in a two death accident because he did not own the car he was driving and did not have the owner's permission to use it at the time of the accident. Turning the decision on an interpretation of the terms of the policy governing coverage, we affirm as to liability and medical payments coverage, but reverse and remand as to accidental death benefits coverage.
 
 
 2
 Aubrey O. Lee, Jr. and Lelvoid Black were killed when a car driven by Lee collided head-on with a tractor trailer in Alabama. At that time, Lee had personal automobile insurance with The Insurance Company of North America (INA). Both Lee and Black were employed by Ed Vickery Motors, Inc. and the car in which they were riding belonged to their employer.
 
 
 3
 Suit was brought in state court by the administratrix for Black, the passenger, against Lee's administratrix, who in turn sued INA seeking to recover medical payments and accidental death benefits under the policy. INA then initiated this declaratory judgment action in federal court to determine whether the fatal accident is covered by the policy.
 
 
 4
 The determinative issue in the case turns on the policy coverage of a non-owned vehicle being operated by the insured without the owner's permission. The district court found that Lee had neither express nor implied permission from his employer to use the car at the time the accident occurred. On appeal, that finding is not contested. Instead, appellants argue the district court misinterpreted two crucial terms of the policy which they contend would provide coverage even though Lee was operating the vehicle without the owner's permission.
 
 
 5
 Bodily Injury and Property Damage Liability
 
 
 6
 Bodily injury and property damage liability coverage is controlled by a term printed in the policy as follows:
 
 PERSONS INSURED
 
 7
 The following are Insureds under Bodily Injury and Property Damage Liability Coverage:
 
 
 8
 (a) With respect to the owned automobile,
 
 
 9
 (1) the Named Insured and any resident of the same household,
 
 
 10
 (2) any other person using such automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and
 
 
 11
 (3) any other person or organization but only with respect to his or its liability because of acts or omissions of an Insured under (a)(1) or (2) above;
 
 
 12
 (b) With respect to a non-owned automobile,
 
 
 13
 (1) The Named Insured,
 
 
 14
 (2) any relative, but only with respect to a private passenger automobile or trailer,
 
 
 15
 Provided his actual operation or (if he is not operating) the other actual use thereof Is with the permission or reasonably believed to be with the permission of the owner, and is within the scope of such permission, and
 
 
 16
 (3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an Insured under (b)(1) or (2) above.
 
 
 17
 The insurance afforded under Bodily Injury and Property Damage Liability Coverage applies separately to each Insured against whom claim is made or suit is brought, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability.
 
 
 18
 (underlining added)
 
 
 19
 Because a non-owned automobile was involved and Lee is the named insured, (b) (1) is the applicable section. The district court applied the permission proviso following (b)(2) to limit the scope of (b)(1), and therefore denied coverage because Lee did not have permission to use the car. Appellants contend the proviso applies only to (b)(2), not to the named insured.
 
 
 20
 Under Alabama law, the terms of an insurance contract are given an ordinary interpretation rather than a " 'strained or unusual construction' " in favor of either the insurer or the insured. World Insurance Co. v. Hall,384 F.2d 138, 141 (5th Cir. 1967), Quoting Empire Life Insurance Co. v. Gee,178 Ala. 492, 497, 60 So. 90, 92 (1912). Although ambiguous terms are construed against the insurance company which framed them, ambiguity cannot be created "by strained and twisted reasoning." Alabama Farm Bureau Mutual Casualty Insurance Co. v. Goodman, 279 Ala. 538, 541, 188 So.2d 268, 270 (1966).
 
 
 21
 An examination of the policy terms here at issue establishes that liability coverage when a non-owned car is driven by the insured is unambiguously limited to those accidents in which the insured had the owner's permission to use the car. Although we have found no Alabama cases interpreting policy terms similar to those involved here, cases in other jurisdictions support the decision of the district court.
 
 
 22
 The typography of the provision requiring that an insured driver's "actual operation" of a non-owned automobile be "with the permission or reasonably believed to be with the permission of the owner" indicates an intent to restrict coverage not only as to (b)(2), "any relative," but also as to (b) (1), the "(n)amed (i)nsured." The word "trailer," at the end of (b)(2), is not followed directly by the restrictive language, but rather by blank spaces extending to the right margin. There is then a full line space before the proviso begins.
 
 
 23
 Also the sentence containing the condition is not aligned with the body of (b) (2), the preceding section. Instead, it extends three additional spaces toward the left margin and is aligned beneath both numbers (1) and (2). The effect of freeing the proviso from the marginal confines of (b)(2) is to indicate its applicability beyond the immediately preceding section.
 
 
 24
 Other courts construing virtually identical insurance policy terms have held permission provisos applicable to both (b)(1) and (b)(2). Some of these cases are summarized in State Automobile Mutual Insurance Co. v. Williams, 268 Md. 535, 302 A.2d 627 (1973). In Williams, the typography and language of the contested term were almost exactly the same as in the present case, and the court applied the permission proviso to both (b)(1) and (b)(2). Several cases reaching a contrary result were distinguished because of significant typographical differences, and those cases are similarly distinguishable here. See McMichael v. American Insurance Co., 351 F.2d 665 (8th Cir. 1965); Harleysville Mutual Casualty Co. v. Nationwide Mutual Insurance Co., 248 S.C. 398, 150 S.E.2d 233 (1966).
 
 
 25
 Another instructive case is Bright v. Ohio Casualty Insurance Co., 444 F.2d 1341 (6th Cir. 1971). Again, the policy term being interpreted was virtually identical to that involved in this case, and the court held that both (b)(1) and (b)(2) were limited by the proviso. See also Swanson v. Comeaux, 296 So.2d 267 (La.1974).
 
 
 26
 The trial court was correct in concluding that the terms of the INA policy issued to Lee unambiguously limit coverage for bodily injury and property damage liability when the insured is driving a non-owned car to his use of the car with the owner's permission. The uncontested contrary fact determination thus controls the case in favor of the insurance company.Medical Payments Coverage
 
 
 27
 Medical payments coverage is controlled by the following term:
 
 
 28
 To pay all reasonable expenses incurred for actual services rendered within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
 
 
 29
 1. To or for the Named Insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," caused by accident.
 
 
 30
 (a) while occupying the owned automobile,
 
 
 31
 (b) While occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
 
 
 32
 (c) through being struck by an automobile or by a trailer of any type;
 
 
 33
 2. To or for any other person who sustains bodily injury, caused by accident, while occupying
 
 
 34
 (a) the owned automobile, while being used by the Named Insured, by any resident of the same household or by any other person with the permission of the Named Insured; or
 
 
 35
 (b) A non-owned automobile, if the bodily injury results from
 
 
 36
 (1) Its operation or occupancy By the Named Insured or its operation on his behalf by his private chauffeur or domestic servant, or
 
 
 37
 (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer,
 
 
 38
 but only If such operator or occupant has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission.
 
 
 39
 (underlining added)
 
 
 40
 The proviso in 1(b) expressly limits coverage of named-insured Lee's medical expenses to accidents in which his use of the automobile is with the owner's permission. The district court held that INA is not liable to Lee's estate for medical payments. That holding is clearly correct in view of the language of 1(b) and the unchallenged finding that Lee did not have permission to use the car.
 
 
 41
 Coverage of the passenger Black's medical expenses is governed by 2(b)(1). The district court applied the permission proviso following 2(b)(2) to limit the scope of 2(b)(1), and therefore denied coverage because Lee did not have permission to use the car.
 
 
 42
 The typography and language of the disputed medical payments section are greatly similar to that of the section governing liability coverage. The same reasoning leads to affirmance of the district court's decision on this issue. In fact the medical payments term in 1(b) illustrates a proviso intended to apply only to the section which it follows. That proviso begins immediately after the word "automobile," and is separated from the body of the section by neither blank spaces on the same line nor a line space, in contrast to the contested provisions in both the liability and medical payments sections. This difference supports the district court's decision in this case.
 
 Accidental Death Benefits
 
 43
 The district court erred, however, in holding that INA has no obligation under the policy to pay accidental death benefits to the estate of Lee. The policy provides for payment of those accidental death benefits upon death of the named insured resulting from an automobile accident, irrespective of ownership of the vehicle. The parties agree to this interpretation of the policy provision. The cause must be reversed and remanded in part for entry of an order directing payment by INA of accidental death benefits to Lee's estate.
 
 
 44
 Because none of the parties requested oral argument, this case was decided on the record and the briefs under Local Rule 18, in accordance with F.R.A.P. 34. Costs will be divided in equal thirds among the three parties to this appeal.
 
 
 45
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18