250 So.2d 197 (1971)
M. Conway LUSK et al.
v.
The TRAVELERS INSURANCE CO. et al.
No. 8323.
Court of Appeal of Louisiana, First Circuit.
May 31, 1971.
*198 James E. Moore of Franklin, Moore, Beychok & Cooper, Baton Rouge, for appellants.
Horace Lane, Frank E. Coates, Jr., of Taylor, Porter, Brooks & Phillips, Jimmy R. Major, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
TUCKER, Judge.
On May 29, 1968 Janice Sarto, a senior at Broadmoor Senior High School, Baton Rouge, Louisiana, requested permission from one of her teachers, Mrs. David Lovely, to use her automobile in getting some hamburgers for lunch. Mrs. Lovely questioned Janice with respect to whether she possessed a driver's license. Miss Sarto replied that she did have a driver's license, although in truth and in fact she did not. Mrs. Lovely, without further adieu, handed Miss Sarto her car keys, and she departed in the Lovely vehicle for the hamburgers. En route she had a collision with plaintiff's vehicle, causing bodily injuries to plaintiff's two minor daughters, Lillian Marie Lusk and Becky Sue Lusk, who were respectively the driver and a passenger in the plaintiff's vehicle. The case was submitted to the lower court on the stipulation of all counsel wherein it was agreed that Janice Sarto, the driver of the Lovely vehicle, was negligent, and that her negligence was the sole and proximate cause of the accident.
M. Conway Lusk, individually and as administrator of the estates of his two minor daughters, Lillian Marie and Becky Sue, all domiciled in the Parish of East Baton Rouge, sued solidarily in tort State Farm Mutual Automobile Insurance Co., the liability insurer of the Lovely automobile, and The Travelers Insurance Co., the liability insurer under a family policy issued to Miss Sarto's father. Alternatively, the plaintiff sued Allstate Insurance Co. under an insurance policy issued to him with uninsured motorist coverage containing limits of $5,000.00 and $10,000.00.
The Travelers Insurance Co., a defendant in the main demand, answered and interposed its third party demand wherein it alleged that Miss Sarto was driving the Lovely vehicle with the permission of Mrs. Lovely. It further pleaded that its coverage of Miss Sarto was "in excess" of State Farm's coverage, and asked in the third party demand for judgment over and against State Farm for such portion of any judgment that might run against Travelers up to the limits of State Farm's coverage, and its own costs and attorney fees in defending the action against it as the insurer of Miss Sarto. State Farm denied coverage and Allstate denied that its uninsured motorist coverage provisions were applicable.
*199 The instant suit bore Docket No. 134,469 in the lower court, and was originally consolidated with a suit by Allstate against David Lovely, Jr., et al. to recover under its subrogation the property damages paid to Mr. Lusk under the collision portion of their policy issued to Mr. Lusk, which suit bore Docket No. 134,022. These suits were ultimately severed (Tr. 34), and we are now concerned only with the suit originally docketed as No. 134,469 in the trial court.
On May 6, 1970 the lower court signed the judgment apparently for the oral reasons given on April 29, 1970, dismissing all claims against the defendants, State Farm Mutual Automobile Insurance Co. and The Travelers Insurance Co., on the ground that the permission given to Miss Sarto for her to drive the car was vitiated by the false statement that she had a driver's license. Since Janice Sarto was found to be uninsured, the trial court rendered judgment against Allstate Insurance Company in the respective sums of $600.00 for Becky Sue Lusk, $3750.00 for Lillian Marie Lusk, and $190.59 for M. Conway Lusk, and all costs of the proceedings under the uninsured motorist coverage.
Allstate appealed from this judgment. The plaintiff did not appeal, or answer Allstate's appeal.
Travelers and State Farm raised a latter day contention that they are not before the court on this appeal, as the plaintiff has not appealed from the judgment of the trial court which dismissed his demands against these companies, citing the provisions of La.C.C.P. Art. 2133 and such cases as Barrois v. Noto, 215 So.2d 676 (La.App. 4th Cir., 1968), writ refused 1969. The said Art. 2133 deals with the purport of an answer filed by an appellee to an appeal. It does not require the plaintiff in the main demand to obtain an order of appeal from the trial court judgment so that a co-defendant, who has timely filed an appeal, may be properly before the appellate court against his co-defendants, where they have appealed.
In the Barrois case the defendant, Allstate Insurance Co., which insured the automobile of Rosario A. Noto, which was involved in an accident with a bus owned by the co-defendant, New Orleans Public Service, Inc., appealed from a judgment which cast Allstate on the ground that the sole and proximate cause of the accident was the negligence of the driver of the New Orleans Public Service Bus. Barrois, the plaintiff, merely answered the appeal, contending that he should also be permitted to recover against New Orleans Public Service, Inc., another defendant. Barrois did not appeal from the trial court judgment. The appellate court found that the driver of the bus owned by the defendant, New Orleans Public Service, Inc., by his negligence, was solely responsible for the accident, and reversed the judgment of the trial court. The Fourth Circuit Court of Appeal further held in Barrois that, since Barrois had merely answered Allstate's appeal and had not appealed, the answer did not bring New Orleans Public Service before the Court to review that part of the judgment which dismissed the suit as to that defendant. In other words, the judgment of the trial court was final in the dismissal of the suit against New Orleans Public Service, Inc. The court noted that prior to the adoption of the Code of Civil Procedure that by an answer to an appeal "an appellee could have the judgment appealed from modified, revised or reversed only as between himself and the appellant; the appeal brought up the judgment for review only insofar as the appellant was concerned; and the judgment could be modified, revised or reversed as between the appellees only insofar as the appellant was concerned." The court also held that the present Code of Civil Procedure does not change this rule.
The factual circumstances in the cited cases with respect to the effectiveness of an appeal are not the same as those involved in the instant case. It is not the plaintiff appellee, as in Barrois, who is trying to bring the other defendant into the appeal by his answer, but the defendant-appellant, *200 Allstate, who is taking on the appeal against his co-defendants, sued alternatively. The appellant, Allstate Insurance Company, is properly before this court not only in regard to its complaint against the lower court judgment awarding damages to the plaintiff against it alone, but also as to any part of the judgment to which it objects, even though it involves bringing in co-defendants State Farm and Travelers against whom suit was dismissed in the lower court.
Allstate has raised the proposition that Travelers in its third party petition against State Farm has judicially confessed that Miss Sarto had the permission or the right to the reasonable belief that she had the permission of Mrs. Lovely to use her car, and that this permission was not vitiated in law at the time the accident occurred.
The third party demand, although filed in this suit, was confined in its scope only as between Travelers and State Farm, which answered the third party petition. Allstate was not a party to the third party action, and the alleged judicial confession cannot be raised by one not a party thereto. This was merely a vehicle of pleading utilized by Travelers to secure relief against the prime insurer in case recovery was solidarily allowed on the ground Miss Sarto was held to have the permission of Mrs. Lovely.
The court now comes to the main problem with which it is confronted. This issue simply stated is as follows: Was the permission of Mrs. Lovely to use her car obtained by Janice Sarto in such a misrepresenting and fraudulent manner as to render said permission involuntary and void at its beginning, and thus exclude Miss Sarto as an insured under the omnibus clauses of the State Farm and Travelers policies, where the rights of third parties intervened? Interwoven with this question is whether Mrs. Lovely used reasonable care and caution, while extending her permission to determine if Miss Sarto actually met the standard of possessing a driver's license, which, according to Mrs. Lovely, was required in order for her permission to have been given voluntarily. Opposing counsel admit that there are no cases in Louisiana which have resolved these specific questions. We agree with this conclusion, and the issues posed in this regard are res nova in the jurisprudence of this state.
Counsel for Allstate cites Parks v. Hall, 189 La. 849, 181 So. 191 (1938) and Waits v. Indemnity Ins. Co. of North America, 215 La. 349, 40 So.2d 746 (1949) as authority for the proposition that once permission has been granted by the owner, a deviation from the specific instructions of the owner respecting the use of the automobile is inconsequential with respect to the coverage of the permittee by the insurance policy. The Supreme Court in the Parks case held that the language in the policy must be broadly construed "so as to effectuate the insurance and not for the purpose of defeating it". In the Waits case, supra, where the driver had permission to use the truck to transport workers to and from the job and was under instructions to park the truck after hours in a usual and customary place, and the driver deviated from his authority and specific instructions by using the truck for his own pleasure, the Supreme Court held that the driver had "permission", of the owner so as to render insurer liable for injuries caused to a third person by the driver's negligence. In the case of Dominguez v. American Casualty Co., 217 La. 487, 46 So.2d 744 (1950), the Supreme Court, while opining that the facts in the Waits case "concerning the lack of permission were stronger than exists here", followed the rationale of Parks and Waits in holding that the employee, who had used the truck for the purpose of pulling a fellow employee's truck out of the ditch, was covered under the language of the omnibus clause of the insurance policy issued to the owner of the truck. None of the cited cases permit the insurance companies to escape liability under their omnibus clauses, where voluntary *201 permission for use of the insured vehicle has been given by the owner, although the instructions for the use of the vehicle at the time of granting consent were being violated when the litigated accident occurred.
Counsel for State Farm cites a line of cases including Lovett v. Webb, 183 So.2d 97 (La.App. 1st Cir. 1966), writ denied March 11, 1966; Carruth v. State Farm Mutual Automobile Ins. Co., 113 So.2d 56 (La.App. 2d Cir. 1959), writ denied Oct. 7, 1959; and Grain Dealers Mutual Ins. Co. v. Miller, 142 So.2d 458 (La.App. 3d Cir. 1962), which authorities deal with the rescission or abnegation of an automobile insurance policy where the application of the insured for the issuance of the policy contained false statements misrepresenting the facts to such a degree that, had the issuing company known the truth, it would not have written the policy. It is apparent that the jurisprudence of this state follows the strict line of interpretation on this point, and the cases generally hold that such a policy is void ab initio.
Thus, we are confronted with the broad or liberal construction adopted by the jurisprudence when the right of the possession of a vehicle is supported by voluntary consent of the owner, though his specific instructions have been violated by the permittee during the course of his possession, and the strict or more conservative construction being generally adopted by the courts of this state, where voidance of the policy is claimed because of a false or fraudulent statement in connection with the owner procuring the insurance at the outset.
As can be seen, the above cited cases and their holdings do not pertain to the precise questions with which we are confronted.
The court believes that this case must be decided on its peculiar facts. It is abundantly established that Mrs. Lovely queried Janice Sarto with respect to whether she owned a driver's license and Miss Sarto's answer was in the affirmative, or, at least accepting her testimony, she replied that she had a temporary driver's license, though in truth and in fact, she did not possess a driver's license of any kind when she obtained the permission of Mrs. Lovely to use the Lovely car. Mrs. Lovely's testimony is not only uncontroverted on this point, but is corroborated by Miss Sarto's deposed testimony. The record does not disclose any deviation from the purpose for which the car was borrowed at the time of the accident. We are aware that Mrs. Lovely did not ask to see the driver's license, nor did she take any other precautionary steps to determine if Miss Sarto actually possessed a driver's license, and thus avoid the consequences of an improvident granting of her permission. She simply stated that her consent would not have been given, if she had known Miss Sarto did not have a driver's license.
Allstate has chosen to equate the obtaining of voluntary permission with the rules under the law of contract, and contends that, if fraud was used by Miss Sarto in gaining the consent of Mrs. Lovely to use the car, Mrs. Lovely did not exercise ordinary care in determining the existence of the alleged fraud; that Mrs. Lovely should have gone further and asked to see the license to determine if she actually possessed one, whether it was restricted to any degree, and whether it was still valid. Counsel further points to the onerous burden, resting upon one claiming fraud, to establish same in order to escape liability, and additionally claims that any fraud perpetrated by Miss Sarto in procuring permission did not redound to the detriment of Mrs. Lovely in extending her consent, and that Mrs. Lovely did not sustain a "loss" on account of the "alleged fraud".
Although the authorities in other states are at odds on the points involved here, respective counsel for State Farm and Travelers cite the ruling in Hodge v. Lumberman's Mutual Cas. Co., 203 Va. 275, 123 S.E.2d 372 (1962), in which case it was held in essence that, where permission to *202 "use the vehicle" was procured by fraud, then it was not a true permission contemplated by the omnibus clause in the liability policy. There would be no meeting of the minds under the circumstances and therefore no consent. Fraud perpetrated by a permittee vitiates the alleged assent itself, and he becomes a converter of the vehicle the moment he takes possession of it." (Cases listed from other jurisdictions but not catalogued here).
Reasoning by analogy to the strict or more conservative line of jurisprudence adopted by this state in those cases involving false statements in respect to permission which vitiate a policy, we are disposed to hold that the permission extended by Mrs. Lovely to Miss Sarto for the use of the car was not voluntarily given, and that any additional inquiry or action on the part of Mrs. Lovely to determine if Miss Sarto actually possessed a driver's license was not in law necessary to determine if the driver's license existed. We cannot say that Mrs. Lovely did not exercise ordinary care to learn if Miss Sarto actually possessed a driver's license, justifying her use of the car. There is no dispute that Mrs. Lovely clearly stated the possession of a driver's license was a prerequisite to her granting voluntary consent. The permission was involuntary, and was, therefore, vitiated at the time it was given, and the omnibus clauses of State Farm and Travelers did not cover Janice Sarto as an insured.
In reaching this conclusion the court is mindful not only of the division of the authorities on the main point involved, but also of the possibility and perhaps probability that the coverage of an insurance policy may on occasion be defeated by improper and unjustified sworn testimony that consent or permission was improvidently given under the insured's mistake of the true facts. Under the facts in the instant case however we do not believe such an eventuality is the case here.
We come now to the question of quantum. Lillian Marie Lusk, the driver of the car, aged 19 years, sustained injuries generally described by Dr. Lucas, the attending physician, as cervical and lumbar strains to musculature of the vertebrae of her back. She was medically treated by this physician for a period of four to five months with ultrasound, analgesics and physical therapy. She experienced headaches on numerous occasions. She exhibited muscle spasms, and was described by Dr. Lucas as being delicately constructed physically. As a matter of fact on February 11, 1969 she was still complaining of headaches. She was discharged by the physician in October of 1968, but continued to experience difficulty. Her cervical and back strains were diagnosed as moderate to severe.
Becky Sue's injuries were less severe than those of her older sister. She required the treatment of Dr. Lucas on only two or three occasions. The physician described her injuries as a mild to moderate cervical strain, but apparently she continued to have pain after she was medically discharged.
The lower court awarded the plaintiff $3,750.00 for Lillian Marie Lusk's injuries and $600.00 for Becky Sue Lusk's injuries. There is no dispute with respect to the medical expenses incurred.
We are unable to find that the medical record does not support the awards granted by the trial court. There is no showing of an abuse of discretion on the part of the trial court in making these awards, and in the absence of a showing that the awards are excessive, this court will not disturb the lower court's judgment in this regard.
The judgment of the trial court is affirmed, and appellant will pay the costs of this appeal.
Affirmed.
LOTTINGER, J., concurs in result and agrees with reasons given by SARTAIN, J.
*203 SARTAIN, Judge (concurring).
I concur in the result reached in the majority opinion insofar as the same holds that the defendant Allstate Insurance Company is liable to the plaintiff under the uninsured motorist provision of the policy issued by it covering plaintiff's vehicle. I do not concur with that portion of the decision which concludes that State Farm Mutual Automobile Insurance Company, the liability insurer of the Lovely automobile, and the Travelers Insurance Company, the liability insurer of the family policy issued to Miss Sarto's father are before this court. The judgment was rendered in favor of the plaintiff and against Allstate. Plaintiff did not appeal or answer the appeal of Allstate. There is no mutuality of liability, solidary obligation, reconventional demand, or third party petition by and between Allstate on the one hand and State Farm and Travelers on the other hand.
The validity, vel non, of plaintiff's claim against Allstate can be decided without determining the jurisdictional issue of whether or not State Farm and Travelers are in fact affected by Allstate's appeal.
In view of these factors, the pronouncement that State Farm and Travelers are before us is not germane to the principal issue and is obiter dictum.