286 So.2d 117 (1973)
Donald SWANSON, Sr., Individually and on behalf of his minor son, Donald Swanson, Jr., and Delores Swanson, his wife
v.
George H. COMEAUX, as father and natural guardian of his minor son, Steven Comeaux, et al.
No. 5277.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1973.
Rehearing Denied November 16, 1973.
Writ Granted January 4, 1974.
*118 The Law Offices of Steven R. Plotkin, David Gertler, New Orleans, for plaintiffs-appellees.
Bienvenu & Culver, Robert N. Ryan, A. William Mysing, Jr., New Orleans, for Security Ins. Co.
Dillon & Williams, C. T. Williams, Jr., R. Gordon Logue, Jr., New Orleans, for Ronald Marretta and Fireman's Fund American Ins. Co.
Robert J. Neal, Robert A. Katz, New Orleans, for Liberty Mutual Ins. Co.
Before LEMMON, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This is a suit for damages and personal injuries arising out of an automobile collision. The plaintiffs are Donald R. Swanson, Sr., the driver of one vehicle, and his wife and children (through their father) who were passengers therein. Suit was brought against the following defendants: Ronald Marretta, the owner of the other vehicle, and his liability insurer Fireman's Fund American Insurance Company; George H. Comeaux, as father and natural guardian of his natural son, Steven Comeaux, the driver of the Marretta vehicle, and the Security Insurance Company, Mr. Comeaux's insurer; Liberty Mutual Insurance Company, the uninsured motorist carrier of the Swanson vehicle. Liberty Mutual Insurance Company intervened to recover *119 the amount it paid to the Swansons under the collision portion of its policy.
Judgment was rendered in favor of the Swansons and Liberty Mutual Insurance Company against Ronald Marretta and Fireman's Fund American Insurance Company; against George H. Comeaux, but dismissing the suit against his insurer, Security Insurance Company; also dismissing the suit against Liberty Mutual Insurance Company as uninsured motorist carrier.
Ronald Marretta and Fireman's Fund American Insurance Company have taken a suspensive appeal. The plaintiffs, the Swansons, and Liberty Mutual Insurance Company have taken a devolutive appeal. Security Insurance Company has answered the appeals.
The parties have conceded that the negligence of the minor driver, Steven Comeaux, was the sole and proximate cause of the collision. The issues presented here are whether Steven had either the express or implied permission of the owner to drive his automobile and the application of that finding to the insurance coverage afforded to the parties herein.
There is little dispute as to the facts. On Sunday, June 7, 1970, Ronald Marretta took his 16 year old nephew, Steven Comeaux, and Steven's friend Ronnie Culpepper, to a baseball game in which Marretta was playing at Girard Playground near a local country club. Marretta parked in a parking lot separated from the baseball diamond by a picnic area and the country club, locking his car. They walked over to the baseball area, and while they were standing near the bleachers, Ronald Marretta handed Steven his keys and wallet to hold for him while he was playing baseball. After watching three or more innings of the ball game, the two young boys left the baseball area and went to the parking lot. They sat in Marretta's car for 15 or 20 minutes, playing the radio and running the air conditioner. Thereafter, Steven started the automobile and moved it back and forth in the lot several times, and then drove it into the street intending to go around the block. However, before he had gone very far, he collided with the plaintiffs.

ON THE ISSUE OF PERMISSION
The trial court found that inasmuch as Marretta delivered keys of his automobile to his nephew, such act clearly constitutes implied permission to use the automobile, even if only for the purpose of sitting therein and/or listening to the radio. At the same time, the court found that Steven did not believe, and had no reason to believe, that he had permission to actually drive the automobile. We cannot completely agree with these conclusions.
It is our view that the keys were given to Steven for safekeeping only, while his uncle was playing ball, and that under the factual situation testified to, there could not be any reason to believe that use of the car was being permitted. The vehicle was locked and parked some distance away from the area of the baseball field. It was the intention of the young boys to watch the game while Marretta played therein and, indeed, this is why Marretta brought them with him. The keys were turned over to Steven in the spectator area of the field, just before Marretta began to play. There is no more reason to believe from these circumstances that permission to use the car was granted any more than it could be supposed that Steven was granted permission to spend the money contained in Marretta's wallet. See for comparison, Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961). In the absence of express permission, the implied consent or permission must be concluded from circumstances which admit of no equivocation. Holden v. Transamerica Insurance Co., 222 So.2d 302 (La.App.1st Cir., 1969).
Additionally, the testimony shows affirmatively that Marretta knew that Steven did not have a driver's license and that he knew Steven was not yet driving automobiles. To assume that he would grant Steven *120 permission to drive is to assume he would permit an unlicensed driver to illegally drive (R.S. 32:402) around a playground. Steven testified that his only experience with automobiles was having twice moved an automobile belonging to his father back and forth where it was parked, once without his father's knowledge and once with his father's knowledge, but that his uncle was not aware of these events. There is no competent evidence in the record to indicate that Marretta might believe or should have believed that his nephew might attempt to drive his car. To the contrary, the evidence shows that the attempt at driving was completely unexpected to Marretta, and that Steven knew that he had no permission to drive, either express or implied, hence there was no reasonable supposition that Steven would attempt to drive without permission.

ON THE LIABILITY OF MARRETTA AND FIREMAN'S FUND AMERICAN INSURANCE CO
The trial court cast both Marretta and his insurer in judgment finding that the delivery of the keys was negligence on the part of Marretta and constituted his implied permission to use the automobile, affording coverage under the policy. We have set out the facts of the case hereinabove and we cannot conclude that there was negligence by Marretta under that set of facts in entrusting his nephew with his automobile keys for safekeeping. The judgment against him should be reversed.
Similarly, we find no permission to use Marretta's automobile, and, hence, no coverage under his insurance policy with Fireman's Fund. The policy is a family automobile policy which contains the following pertinent language:
"Persons Insured. The following are insureds under Part 1:
"(a) with respect to the owned automobile,
"(1) the named insured and any resident of the same household,
"(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, *****"
We find no coverage and no liability under the policy of insurance and the judgment against Fireman's Fund should be reversed. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970), Lusk v. Travelers Insurance Co., 250 So.2d 197 (La.App.1st Cir., 1971).

LIABILITY OF SECURITY INSURANCE COMPANY
As noted above, plaintiffs brought suit against George H. Comeaux, as father and natural guardian of his minor son, Steven Comeaux, the operator of the automobile. The older Comeaux was the owner of a family combination automobile liability insurance policy issued by Security Insurance Company. The trial court found negligence on the part of the minor driver, Steven Comeaux and accordingly, rendered judgment against his father, George H. Comeaux. With this we agree. The record shows that Steven was a minor of 16 years of age, living with and under the authority of his father. LSA-C.C. arts. 237 and 2317 state:
"Art. 237. Parents' liability for offenses or quasi-offenses of children.
"Art. 237. Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi Contracts, and of Offenses and and Quasi-Offenses."
"Art. 2317. Acts of others and of things in custody.
"Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we *121 have in our custody. This, however, is to be understood with the following modifications."
The trial court further found that there was no permission granted to Steven, nor reasonable belief of permission, to operate the automobile, and held that there was no coverage afforded by the insurance policy, dismissing the suit against Security. For the reasons discussed hereinafter, we are required to reach the same result, but our views are in conflict with what appears to be the present controlling law.
In order to give a clearer understanding of the problem, we quote below what we consider to be the pertinent provisions of the policy:
"The Company * * * agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy:

"PART 1LIABILITY
"Coverage ABodily Injury Liability; Coverage BProperty Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
A. bodily injury *****;
B. injury to or destruction of property ****;
arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, *****
"Persons Insured: The following are insureds under Part 1:
(a) with respect to the owned automobile, ****
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and
(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.
"The insurance afforded under Part 1 applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.
Definitions: Under Part 1:
"`named insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household;
"`insured' means a person or organization described under `Persons insured';
"`relative' means a relative of the named insured who is a resident of the same household; ****"
Counsel for appellee insurance company argues to us that no coverage is here afforded George Comeaux under these provisions of the policy in reference to a non-owned automobile, because under the section entitled "Persons Insured" (b) (1) coverage is only afforded if he is actually using the non-owned automobile with the express or implied permission of the owner. Similarly, under paragraph (b)(2), Steven Comeaux is not an insured, because he was driving the non-owned automobile without either the express or implied consent of its owner.
In support of his argument of no coverage, appellee refers us to the cases of Lusk v. Travelers Insurance Company, 250 So.2d 197 (La.App.1st Cir., 1971); Benoit v. Fuselier, 195 So.2d 679 (La.App.3rd Cir., 1967); Jones v. Indiana Lumbermen's Mutual *122 Insurance Company, 161 So.2d 445 (La.App.4th Cir., 1964); Williams v. Buckelew, 246 So.2d 58 (La.App.2nd Cir. 1971).
As opposed to this, it is argued by counsel for Mr. Comeaux and others that, because Steven is a minor and his father is vicariously liable for his tort, we should not inquire into the coverage afforded Steven as driver, but instead inquire into the coverage afforded his father, the named insured.
It is our interpretation of the policy now under consideration that there is a distinction between the coverage afforded the named insured and that afforded to "any relative" with respect to a non-owned automobile. As we view the policy, quoted above, there are certain limitations imposed upon any relative (who by definition must be a resident of the same household), limiting coverage to apply only to a private passenger automobile or trailer, and provided that his operation or use is with the permission or reasonably believed to be with the permission of the owner and is within the scope of such permission. These limiting conditions are not set out with respect to the named insured, and the policy provides that the insurance afforded applies separately to each insured against whom claim is made or suit is brought. For a comparable interpretation of another type of restriction in a policy, we refer to the case of Pecoraro v. Galvin, 243 So.2d 307 (La.App.4th Cir., 1971).
We point out that in the present case George H. Comeaux is the named insured, and he is the person against whom suit was brought. Under the terms of the policy, he has contracted for coverage for all sums which he shall become legally obligated to pay as damages because of the use of any non-owned automobile. By virtue of the codal articles above quoted, he is legally and vicariously liable for all tortious actions of his minor son. We make a distinction between the coverage afforded him as named insured under the plain wording of the policy, and that which may be afforded to any other insured as defined in the policy.
We have been referred to the case of Jones v. Indiana Lumbermen's Mutual Insurance Company, supra, as a holding of this court contrary to this interpretation of the policy. A close examination of that case reveals that it is consistent with this holding, as the driver in that case was not a minor son, but actually a son aged 24 years, although the stated age does not appear in the published decision of the court of appeal. In Jones, suit was not brought against the father, the named insured, but was brought against the major son and father's insurer. The suit against the major son was not prosecuted in the trial court because he could not be located and suit was only prosecuted, and appeal taken, against the defendant insurer. We are in complete accord with the decision in that case because there is of course no legal liability on behalf of the named insured father under those circumstances.
We would also distinguish the case of Benoit v. Fuselier, supra, which seemed to rely upon the holding in the Jones case, although the driver there was a minor son. However, the policy there appears to differ. While we are not aware of all of the provisions of the policy there under consideration, we note the court held the following:
"*** The policy also covered the use or operation of a non-owned automobile if such use `is with the permission, or reasonably believed to be with the permission, of the owner * * *' (Italics ours.)"
Similarly, we suggest there may have been a difference in the policy provisions in the case of Williams v. Buckelew, supra. The court quoted a portion of the language contained in the policy and held "The clause before us requires the permission of the owner, or the reasonable belief by the driver that he has the permission of the named insured." As mentioned above, our *123 policy does not require the permission of the owner with respect to the named insured therein. We also note that the above statements of the court were in respect to the omnibus clauses in the policies. Additionally, there was some complication by the pleadings in that case, which we feel is of no pertinence to us.
In the case of Lusk v. Travelers Insurance Company, supra, we note that suit was not brought against the named insured, the father of the driver, but only against the insurer, i. e., Travelers Insurance Company. The decision therein does not reveal whether the driver was a minor or not, nor does it reveal the pertinent language of the policy involved. Additionally, there is a serious question as to whether Travelers Insurance Company was actually before the court; two of the judges concurring in result only.
At this time it may be well to point out that in none of the cases cited to us had the court entered into a discussion as to the liability as to the named insured as a result of a vicarious responsibility placed upon him by the law for the acts of his minor son. It may very well be that, because of the language contained in the policies therein, such was not pertinent to the matter there under consideration.
We would have no hesitancy saying at this point that the policies contained in the above mentioned and discussed cases do not appear to be the same as the policies herein, and that because of this vicarious liability, there is coverage in respect to the named insured. However, we are confronted with a rather insurmountable obstacle. We are aware of the case of American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970). While the above cited cases are cases of our Courts of Appeal, which have equivalent authority with us, the American Home Assurance Company case is a pronouncement of our Supreme Court. In that case, the language of the policy quoted as pertinent seems to be the same as the language in this policy. We quote:
"The following are insureds under Part I:
* * * * * *
(B) With respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or a trailer.
provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, * * * (Emphasis added.)"
We are not aware as to whether the American Home policy also contained the clause specifying separate application of the insurance afforded. Nevertheless, the Supreme Court in that case held that there was no coverage afforded on behalf of the minor son driver, and cast his father in judgment, but dismissed the father's insurer. We are award of the authority exercised by the Supreme Court of Louisiana over intermediate appellate courts. As pointed out in the case of Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970) (reversed on other grounds), Jagers v. Royal Indemnity Company, La., 276 So.2d 309 (1973):
"* * * What is unique here is that this departure from the settled jurisprudence should be undertaken by an intermediate court. The action involves, at least, a failure by the Second Circuit to recognize its obligation to follow the settled law of this State. For, since the question is not regulated by statute, the law is what this Court has announced it to be."
We have expressed our interpretation of the policy under consideration above. We are tempted to point out that perhaps the *124 policies are different because of the separability clause mentioned above, or that perhaps the argument was never presented to that court that this was a problem concerning coverage of the named insured and not of a relative residing in his household. We must point out, however, that the court did state that the language of the two policies therein under consideration was such that one did not provide broader coverage than the other. While this applies to the definition of permission, it does not apply to the application of permission to coverage. We suggest that there is a difference in the coverage afforded for the use of the named automobile in these policies as compared to the coverage afforded the named insured for his liability. The named automobile policy is an owned automobile and the requirement of permission applies only to persons other than "the named insured and any resident of the same household." However, with respect to the coverage afforded a non-owned automobile under the father's policy, there is restriction upon use by relatives, but none by the named insured. We point out that the application of the factual situation to the two policies is such that under the named automobile policy (Fireman's Fund) the minor driver is an "other person" with no relationship or residence with respect to the named insured, and hence there is no coverage for unpermitted use of the automobile under clause (A)(2) and, of course, no liability of the named insured. However, a son, major or minor, living in the same household as the named insured would not need permission to drive for coverage to apply.
Considering now the policy where the father is the named insured, (Security), with respect to a non-owned vehicle, the minor driver is not a stranger as in Fireman's Fund Policy, but his son for whom the named insured is responsible by operation of law. Surely, a major son is an "insured" as defined in the policy and under (B) (2) must have permission to achieve coverage, but when a minor son is the driver there are two "insured" persons, the minor under (B)(2), and the father, the named insured under (B)(1). There is no requirement of permission under (B)(1).
We refer to LSA-R.S. 22:655 concerning liability policies:
"It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy. As amended Acts 1962, No. 471, § 1." (Emphasis ours)
Lest we should err by believing that we should follow our view rather than the ruling of the Supreme Court, we feel it is nevertheless obligatory upon us to state our view for the consideration of that court. Therefore, having expressed our view, we conclude that we are obliged to reach a result concordant with the last expression of the Supreme Court on the subject matter. Accordingly, we follow the ruling of the Supreme Court in the case of American Home Assurance Company v. Czarniecki, supra, and hold that there is no coverage under the policy afforded by Security Insurance Company to George H. Comeaux, and that Security Insurance Company should be dismissed from the suit.
There is no issue raised herein as to a defense owed by Security under its policy to the named insured.

LIABILITY OF LIBERTY MUTUAL INSURANCE COMPANY
Liberty Mutual had issued to Donald C. Swanson an automobile owner's policy containing Uninsured Motorists Coverage insuring Mr. Swanson, any relative and any other persons occupying the insured automobile. *125 The record clearly shows the Swanson automobile involved in the collision was an insured automobile and was occupied by Mr. Swanson, his wife and child. Because we have found that there is no insurance covering the owner or operator of the other vehicle and the negligence of that operator was the sole and proximate cause of the collision and resulting injuries, we now find Liberty Mutual liable under its uninsured motorist policy coverage.
The trial judge rendered judgment in the following amounts: Mr. Swanson, individually, $5,856.83; Mr. Swanson as tutor of his minor child, $250.00; Mrs. Swanson, $2,250.00. We have examined the record and agree with the trial judge that the quantum awarded is fair and reasonable. The amount for the child and Mrs. Swanson consist only of pain and suffering for their injuries. However, the amount for Mr. Swanson includes special damages of $1,565.33, some items of which do not come within uninsured motorists coverage although they are assessable against Comeaux. We delete the following items from the judgment against Liberty Mutual: Damage to automobile deductible from collision policy $100.00, wrecker service $15.00, automobile rental $106.52. That judgment should thus be fixed at $5,635.31.

INTERVENTION
Liberty Mutual intervened for damages to the Swanson automobile in the sum of $620.77 paid under the collision coverage in its policy. In view of our opinion expressed above, Ronald Marretta and Fireman's Fund are not liable for these damages, and the judgment as to them is annulled and reversed.

DECREE
For the foregoing reasons, the judgment appealed from is affirmed in part and reversed in part and is now rendered as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Donald Swanson, Sr. and against defendants, George H. Comeaux, as father and natural guardian of his minor son, Steven Comeaux, and Liberty Mutual Insurance Company, in solido, in the sum of Five Thousand Six Hundred Thirty-five and 31/100 ($5,635.31) Dollars, and additionally against George H. Comeaux in the further sum of Two Hundred Twenty-one and 52/100 ($221.52) Dollars, both with legal interest from date of judicial demand until paid and for all costs of these proceedings.
It is further ordered, adjudged and decreed that there be judgment herein in favor of Donald Swanson, Sr. on behalf of his minor son, Donald Swanson, Jr. and against defendants, George H. Comeaux, as father and natural guardian of his minor son, Steven Comeaux, and Liberty Mutual Insurance Company, in solido, in the sum of Two Hundred Fifty and no/100 ($250.00) Dollars, plus legal interest from date of judicial demand.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Delores Swanson, wife of Donald Swanson, Sr., and against defendants George H. Comeaux, as father and natural guardian of his minor son, Steven Comeaux, and Liberty Mutual Insurance Company, in solido, in the sum of Two Thousand Two Hundred Fifty and no/100 ($2,250.00) Dollars, plus legal interest from date of judicial demand.
It is further ordered, adjudged and decreed that there be judgment herein dismissing the suit of the plaintiffs as to the defendants, Ronald Marretta, Fireman's Fund American Insurance Company, and Security Insurance Company.
It is further ordered, adjudged and decreed that there be judgment herein in favor of intervenor, Liberty Mutual Insurance Company and against defendant, George H. Comeaux, as father and natural guardian of his minor son, Steven Comeaux, in the sum of Six Hundred Twenty *126 and 77/100 ($620.77) Dollars, plus legal interest from date of judicial demand.
Affirmed in part; reversed in part; and rendered.
LEMMON, Judge (dissenting).
George Comeaux purchased an insurance policy and paid premiums therefor in order to be completely protected for his liability arising out of the use of an automobile, whether that liability arose individually or vicariously. The policy also provided coverage under certain conditions to other persons.
Under the policy provisions regarding who is insured with respect to a non-owned automobile, the coverage provided to the named insured under (b)(1) was not limited and should apply to the individual or vicarious liability of the named insured.
In contrast, provision (b)(2) afforded limited coverage to relatives of the named insured, for whose acts the named insured was not necessarily liable vicariously. If provision (b)(1) were also intended to be similarly limited, the limitation should have been expressed.
Provision (b)(3) extended coverage to any person who would be vicariously liable for the acts or omissions of a person who qualified as an insured under (b)(1) or (b)(2). In my opinion this provision points up the absurdity of the result in this casea stranger's vicarious liability could be covered, but the premium-paying named insured's vicarious liability is not. I cannot subscribed to such a conclusion, the result of American Home Assurance Co. v. Czarniecki notwithstanding.[1]
George Comeaux qualified as an insured under (b)(1) for his legal obligation to pay damages arising out of the use (although not his use) of a non-owned automobile; it was unnecessary that Steven Comeaux also qualified as an insured.
Bienvenu & Culver, Robert N. Ryan, A. William Mysing, Jr., Counsel for Ronald Marretta and Fireman's Fund American Ins. Co., Defendants-Appellants.

ON APPLICATION FOR REHEARING
PER CURIAM.
Liberty Mutual Insurance Company has applied for rehearing alleging several errors in our judgment. Primarily, it seeks reversal of the judgment rendered against it on the merits, and because we adhere to our original views expressed therein, the rehearing on the question of its liability is refused. However it urges several errors which we feel compelled to discuss.
It is contended that we erred in holding Liberty Mutual liable in solido with George H. Comeaux, because the obligation of Liberty Mutual arises out of a contract of insurance with Donald Swanson, Sr., plaintiff herein while the obligation of George H. Comeaux arises out of a tort committed by his minor son, Steven. We refer to LSA-C.C. Articles 2091 and 2092 which provide as follows:
"Art. 2091. Obligations in solido on the part of debtors.
"Art. 2091. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
"Art. 2092. Debtors in solido with different terms or conditions.
"Art. 2092. The obligation may be in solido, although one of the debtors be *127 obliged differently from the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other."
Each of the two named defendants are bound for the payment of the entire thing, that is, the judgment, and the judgment creditor is certainly not required to first attempt execution of the judgment against the tort-feasor before a right to compel payment by the insurer may arise. The obligation to pay is complete by the contract of insurance, and the creditor may proceed against either party. Especially is this true since the 1960 Amendment to LSA-C.C. Article 2103. Our courts have held that the purpose of the amendment to this article was to equate solidary obligors whether their obligations arise ex contractu or ex delicto so that any distinction which might have existed between the two types of solidary obligations was abolished. Danks v. Maher, 177 So.2d 412 (La.App.4th Cir. 1965); Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App.3rd Cir. 1964).
The thrust of the applicants' complaint on this issue directs itself to the question of whether it is bound to seek contribution only for its proportionate share of whatever judgment it may pay. However, the provisions of Article 2103 relating to division into proportionate shares between the co-debtors is not applicable to the situation here. We have already referred to the provisions of Article 2092 wherein there is a different obligation between the debtors as to the payment, and additionally we refer to LSA-C.C. Article 2106, and those portions of LSA-R.S. 22:1406 applying to uninsured motorists coverage. We are of the opinion that these codal and statutory authorities show that as between the co-debtors here cast in judgment, the obligation is not simply that each is required to pay a proportionate part of the judgment to the other after payment of the judgment to the creditor, but that the obligation is that if the insurer pays any part of the judgment, it is entitled to full recovery from the other judgment debtor. Landry v. Adam, 282 So.2d 590 (La. App.4th Cir. 1973).
We would grant such relief to the applicant here, except for the procedural posture of the case. Liberty Mutual has not filed any third-party demands, and as a result we do not find that issue before us. Liberty Mutual appears in this case first as an intervenor for payments made under other policy provisions to the plaintiff, and later was brought in as a party defendant. This is the first time that it seeks this type of relief from anyone. We might also point out at this time, that Liberty Mutual now seeks to have credit against the plaintiff for medical expenses paid and the judgment reduced accordingly. Although it started out to recover medical expenses paid by virtue of its intervention, it is equally clear that this portion of the intervention was abandoned during the trial and was never argued to us, but simply brought up on this application for rehearing as it is now seeking to do in its quest for indemnification. The record before us does not disclose a proper procedural or evidentiary basis for the adjudication of these issues on this motion for rehearing, and hence we deny the application for rehearing.
Rehearing denied.
NOTES
[1] The Supreme Court in Czarniecki discussed only the issue of whether or not permission of the named insured should be implied from the facts of that case (and then primarily as to the owner's policy.) The theory of coverage of the named insured for his vicarious liability was not discussed and apparently not argued. Accordingly, I do not feel bound by the result of that case, in which the court did not specifically rule as to this theory of coverage.