884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Satoru MONGAN, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant,
v.
RAPID RENTALS, INC., t/a Budget Rent-a-Car, Third Party
Defendant-Appellee.
 No. 88-1323.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1989.
Decided Aug. 28, 1989.
 
 Kevin Locklin (R. Craig Jennings, Slenker, Brandt, Jennings & Johnston on brief) for appellant.
 Colin James Steuart Thomas, III (McGuire, Woods, Battle & Boothe on brief); Thomas M. Lawson (Michael E. Canode and Jordon Coyne Savits & Lopata on brief) for appellee.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 On October 13, 1987, after Allstate Insurance Company ("Allstate") denied liability under a family automobile insurance contract, Satoru Mongan ("S. Mongan") filed suit against Allstate, alleging breach of that contract and bad faith refusal to settle his claim.[1] Allstate filed a third-party complaint against Rapid Rentals, Inc., trading as Budget Rent-a-Car ("Budget"), alleging that Budget's insurance on the vehicle in question is primary and applies to S. Mongan's claims.
 
 
 2
 S. Mongan was injured in a one-car accident on July 26, 1986, while driving an automobile rented that day by his mother, Keiko Mongan ("K. Mongan"), from Budget Rent-a-Car. S. Mongan incurred medical expenses of about $12,000 resulting from the accident; in addition, the car was damaged in the amount of $15,460.41.
 
 
 3
 After the case was tried to the court on May 23, 1988, the trial court entered judgment in favor of S. Mongan against Allstate with regard to plaintiff's breach of contract claim; in favor of Allstate with respect to S. Mongan's bad faith claim; and in favor of Budget as to Allstate's third-party complaint. Allstate timely noted and perfected the within appeal with respect to the judgments entered against it in favor of S. Mongan and against it in favor of Budget.[2]
 
 
 4
 Allstate issued a family automobile policy to S. Mongan's father, Gary Mongan ("G. Mongan"), with a policy period from January 31, 1986 to July 31, 1986, which provided medical expense and collision coverage to G. Mongan and relatives who were residents of the same household. That coverage applies to non-owned automobiles operated by the "named insured" and any "relative" "provided his actual operation ... is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission...."
 
 
 5
 On July 26, 1986, S. Mongan wanted to rent a vehicle to visit some friends, because the family vehicle his father sometimes permitted him to drive was then unavailable for S. Mongan's use. S. Mongan asked his mother to accompany him to Dulles Airport to rent a car, because he had never rented a car before and was not sure he could arrange the same. K. Mongan, a woman who had difficulty with the English language, after first saying no, agreed to do as her son requested.
 
 
 6
 A friend of S. Mongan's, Kelly Kronfeld, drove him and his mother to the airport to accomplish the rental. K. Mongan initially went to Hertz Rent-a-Car, where she was informed that S. Mongan, who was 20 years old, was not old enough to rent a car. S. Mongan did not hear his mother talking with the Hertz representative and did not ask her why they left Hertz and proceeded to the Budget counter.
 
 
 7
 K. Mongan then entered into a rental agreement for a Buick Regal with Budget. A Budget representative, Kristen Torbet, explained the terms of the agreement to K. Mongan and informed her that, in order to rent a vehicle, one must be 21 years of age with a major credit card, and in order to be named as an additional driver in an agreement when a car is rented by someone else, the additional driver must be 25 years old. K. Mongan stated that there would be no additional drivers of the vehicle and the rental agreement so indicated.
 
 
 8
 S. Mongan went to the pick up lot in a Budget van, while his mother drove over with Kronfeld. On the way to the lot, S. Mongan conversed with the bus driver, who suggested that S. Mongan rent a Merkur, a sportier car than the Buick Regal.
 
 
 9
 At the Budget pick-up lot, S. Mongan arranged for a Merkur. The lot attendant gave him the keys and he drove the car off the lot. K. Mongan never took custody of the keys or of the rented vehicle.
 
 
 10
 The district court noted and resolved several factual conflicts in the testimony at trial. Two Budget employees who were at the counter at the time K. Mongan rented the vehicle, Kristen Torbet and Kimberly Knight, testified that S. Mongan approached the Budget counter on two separate occasions. According to Ms. Torbet, S. Mongan came up to the counter on both occasions alone and asked how old one had to be to rent a car and what sports cars Budget had available, and she (Ms. Torbet) responded by informing S. Mongan of the applicable age restrictions.
 
 
 11
 Kimberly Knight also testified that S. Mongan approached the Budget counter on two separate occasions and that he initially asked about renting "sporty cars." But Ms. Knight stated that, on the first occasion, S. Mongan was accompanied by his mother and his friend, while Ms. Torbet testified that S. Mongan had been alone. Both K. Mongan and S. Mongan testified that they had approached the Budget counter only once. The trial court accepted the Mongans' testimony that they approached the Budget counter on only one occasion. As to information communicated by any employee of Budget to K. Mongan as to age restrictions for additional drivers, K. Mongan testified that, while she was at the Budget counter, she pointed to her son, asked if he could drive and was told that he could. Ms. Torbet testified that K. Mongan was informed of the applicable age restrictions and that she did not point to her son and ask if he could drive. Kimberly Knight also testified that the age restrictions had been explained during the course of consummating the rental agreement. The district court found that the Budget representatives had explained the age restrictions to K. Mongan, indicating that, in the view of the court, it is reasonable to assume that the essential terms of the contract were explained by Budget employees to a woman who had difficulty with English.[3]
 
 
 12
 The district court concluded that K. Mongan had, by permitting her son to drive the rental car, breached the terms of the rental agreement which provided that there would be no additional drivers, thus nullifying Budget's insurance coverage which would otherwise have been primary. However, the trial court also determined that the son, S. Mongan, was a permissive user of the vehicle who had not known that the rental agreement prohibited him from driving. Therefore, the court held Allstate's coverage to be applicable and primary.
 
 Agency and Fraud
 
 13
 Allstate contended in the court below and argues to this court that K. Mongan was acting as an agent for her son, S. Mongan, in procuring permission from Budget to use the rental vehicle; that K. Mongan had knowledge of the applicable age restrictions regarding the rental vehicle; that under the law of agency, that knowledge is imputed to S. Mongan as the undisclosed principal of K. Mongan; and that, therefore, the son, S. Mongan, did not reasonably believe that he had the permission of Budget to drive the rental vehicle.
 
 
 14
 Counsel for S. Mongan conceded in closing argument that K. Mongan rented the car for her son and the trial court explicitly found that K. Mongan breached the rental agreement by allowing her son to drive. However, the trial court did not address the question of whether an agency relationship was present as between the son as principal and the mother as agent.
 
 
 15
 Under Virginia law,
 
 
 16
 [a]gency has been defined as the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the agreement by the other so to act.... The law indulges no presumption that an agency exists. On the contrary, one is legally presumed to be acting for himself and not as the agent of another.
 
 
 17
 Raney v. Barnes Lumber Corp., 195 Va. 956, 966, 81 S.E.2d 578, 584 (1954), quoted with approval in Nuckols v. Nuckols, 228 Va. 25, 320 S.E.2d 734, 740 (1984). Thus, the two essential elements of an agency relationship are that the agent be subject to the principal's control and that the act to be done be for the benefit of the principal. United States v. Rapoca Energy Co., 613 F.Supp. 1161, 1163 (W.D.Va.1985).
 
 
 18
 "[N]otice to an agent of matters relating to the subject of the agency is notice to his principal[]" because "[i]t is presumed that the agent will disclose" such matters to the principal. Burruss v. Green Auction and Realty Co., 228 Va. 6, 319 S.E.2d 725, 727 (1984). "Ordinarily, the knowledge of an agent is imputed to his principal." Eitel v. Schmidlapp, 459 F.2d 609, 615 (4th Cir.1972).
 
 
 19
 Allstate argues that the agency relationship is apparent in the context of the circumstances surrounding the rental transaction, i.e., that S. Mongan caused the arrangements for the transportation to the airport to be made and for that transportation to occur, that S. Mongan determined when the car would be rented and how it would be used, and that K. Mongan never took possession of the keys or of the car. However, while those circumstances do support a finding that K. Mongan acted for S. Mongan's benefit, they do not indicate that K. Mongan, the mother, acted subject to her son's "control." See Restatement (Second) of Agency Sec. 14 (1958).
 
 
 20
 While the Mongans travelled to the airport for the purpose of renting a car for S. Mongan, the facts highlighted by Allstate in its attempt to show agency and fraud tend only to reinforce the conclusion that the car was being rented for his use rather than his mother's.[4]
 
 Permissive Use
 
 21
 Allstate contends that the trial court's finding of fact that S. Mongan did not hear or have knowledge of the applicable age restrictions is clearly erroneous. In reviewing factual determinations, the evidence is viewed in the light most favorable to the party prevailing below and if the finding of the lower court is "plausible in light of the record viewed in its entirety," then there is no clear error. Davis v. Food Lion, 792 F.2d 1274, 1277 (4th Cir.1986).
 
 
 22
 Allstate argues that the trial court's finding of fact that S. Mongan came to the Budget counter only once was clear error, because both Kristen Torbet and Kim Knight testified to two encounters and each testified that, during the second encounter, S. Mongan heard the explanation of the age restrictions.
 
 
 23
 The trial court's finding that S. Mongan came to the counter only once is supported by the testimony of S. Mongan and his mother. The trial court credited their testimony rather than that of the Budget representatives, and did so because there were inconsistencies in the recollections of that alleged first encounter on the part of those Budget employees.
 
 
 24
 While Allstate correctly notes that Torbet's and Knight's testimony was consistent with respect to S. Mongan's alleged hearing of the age restrictions during the second encounter, S. Mongan testified that he did not hear that discussion because he was speaking to one of the other Budget representatives or someone else waiting in line at the time. The trial court found that testimony by S. Mongan credible and reliable.
 
 
 25
 Allstate also contends that the trial court's finding of fact with respect to permissive use is clearly erroneous. Whether S. Mongan had permission is a question of fact. Virginia Farm Bureau v. Appalachian Power, 228 Va. 72, 321 S.E.2d 84, 87 (1984). Under Va.Code Ann. Sec. 38.2-2204 (1988), "permission ... of the owner ... shall be construed to include permission ... of the custodian" of the vehicle as well as of the actual owner. "Custodian" has been interpreted to include a lessee of a vehicle. Further, "permission of an automobile's custodian alone suffices to provide coverage" whether or not the owner (lessor) consents. Gordon v. Liberty Mutual Insurance Co., 675 F.Supp. 321, 323-25 (E.D.Va.1987). Thus, the policy covered S. Mongan if he had the permission or reasonably believed he had permission of either Budget as owner or of his mother, K. Mongan, as custodian-lessee.
 
 
 26
 K. Mongan testified that her son, S. Mongan, had her permission to drive the rental vehicle and the trial court accepted that testimony. The trial court also found, as discussed supra, that S. Mongan was unaware of the age restrictions prohibiting his use of the car. Therefore, the trial court found that S. Mongan was a permissive user entitled to coverage under the Allstate policy.[5]
 
 
 27
 While this court if sitting as a trial court might have found facts differently from the trial court herein, there was no clear error. Accordingly, the judgment of the district court is
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 Subject matter jurisdiction exists based upon diversity of citizenship. Plaintiff is a citizen of the Commonwealth of Virginia; defendant/third-party plaintiff is incorporated under the laws of the State of Illinois, with its principal place of business in a state other than Virginia; and third-party defendant Budget is incorporated under the laws of the District of Columbia with its principal place of business therein located. The amount in controversy exceeds $10,000
 
 
 [2]
 No appeal has been taken by S. Mongan with respect to the trial court's finding in favor of Allstate concerning the bad faith claim of S. Mongan. In any event, the trial court's determination in that regard would appear to constitute a proper application of Virginia law to the trial court's finding of fact which in turn is supported by substantial evidence
 
 
 [3]
 There were several other minor conflicts in the testimony, resolved by the trial court, which are not particularly important in connection with this appeal
 
 
 [4]
 Allstate's citations of authority regarding its assertion of fraud are distinguishable from this case. In Hodge v. Lumbermens Mutual Casualty Co., 203 Va. 275, 123 S.E.2d 372 (1962), a fugitive obtained a car from a dealership by misrepresenting to a salesman that he was going to drive to a location where he would obtain the money to pay for the car and then return with the money. The fugitive was involved in an accident and the injured motorist sought to recover from the dealership's insurance company. The court found that the question of whether the dealership's permission to use the car was fraudulently obtained such that the dealership's insurance company was not liable was a question for the jury. In Lusk v. Travelers Insurance Co., 250 So.2d 197 (La.App.1971), a teacher lent her car to a student after the latter misrepresented to her teacher that she (the student) possessed a driver's license. The teacher's insurance company was held not to be liable on a claim after the student had an accident in that car because the permission given was "involuntary." Id. at 202. In this case, K. Mongan had the right to rent a car for her own use. She breached her contract with Budget by permitting her son to drive, and may well have obtained the car by fraudulent dealing with Budget. But, insofar as the Allstate coverage is concerned, K. Mongan gave her permission to her son to use the car and that permission was not given by her because of any misrepresentation to her by her son
 
 
 [5]
 Based on its findings of fact, the trial court correctly concluded that Budget had no liability under the insurance coverage provided by the rental agreement, which stated that the vehicle could not be used by anyone other than the renter or a named additional driver. Further, the rental arrangement did not permit a person under age 25 to be an additional driver. Finally, the agreement provided that use by drivers other than those identified by the contract cancels the insurance coverage. Thus, the use of the car by S. Mongan in violation of those provisions of the rental agreement voided any insurance coverage provided by Budget. See Gordon v. Liberty Mutual Insurance Co., 675 F.Supp. at 322