## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 05-293
## consolidated with 05-1304


**HERBERT P. RICHARD**
**AND BRIDGET RICHARD**

**VERSUS**

**METRO BINGO OF LAFAYETTE, INC., ET AL.**


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2004-0891,
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of John D. Saunders, Michael G. Sullivan, and J. David Painter, Judges.


**Saunders, J., dissents and assigns written reasons.**


**WRIT DENIED; JUDGMENTS AFFIRMED.**


**Melvin A. Eiden**
**Rabalais, Hanna & Hebert**
**701 Robley Drive, Suite 210**
**Lafayette, Louisiana 70503**
**(337) 981-0309**
**Counsel for Defendants/Appellants:**
    **Metro Bingo of Lafayette, Inc.**
    **Western World Insurance Company**

**Robert M. Kallam**
**Jennifer A. Wells**
**Jonathan L. Woods**
**Preis, Kraft & Roy**
**Post Office Drawer 94-C**
**Lafayette, Louisiana  70509**
**(337) 237-6062**
**Counsel for Defendants/Appellees:**
      **Lafayette Athletic Association of the Deaf, Inc.**
      **Alea London Limited**

**Allen R. Ingram**
**Attorney at Law**
**Post Office Box 53233**
**Lafayette, Louisiana  70505**
**(337) 233-7092**
**Counsel for Plaintiffs:**
      **Herbert P. Richard**
      **Bridget Richard**

SULLIVAN, Judge.

All Defendants in this slip-and-fall litigation filed motions for summary judgment. The motion filed by Defendants, Metro Bingo of Lafayette (Metro Bingo) and its insurer, Western World Insurance Company (Western World), was denied, while the motion for summary judgment filed by Defendants, Lafayette Athletic Association of the Deaf (LAAD) and its insurer, Alea London Limited (Alea), was granted. Metro Bingo filed a writ application, seeking reversal of the trial court's denial of its motion for summary judgment, and appealed the trial court's grant of summary judgment in favor of LAAD and Alea. The two matters were consolidated by order of this court. For the following reasons, the writ application is denied, and the judgments of the trial court are affirmed.

### Facts

On Sunday, June 15, 2003, Herbert Richard drove his mother to Metro Bingo in Lafayette for her to play bingo. He escorted her into the establishment, carrying her bingo supplies, which he placed upon the table where she was going to sit. While he was in the establishment, one of his feet slipped in water on the floor, and he fell, hitting the floor. Mr. Richard's back and right leg were injured in the incident. All parties agree this occurred at approximately 1:15 p.m.

Metro Bingo owns the building where Mr. Richard was injured. It leases the building to various charitable and non-profit organizations to operate bingo games; LAAD is one of its lessees. Metro Bingo prepared the lease with LAAD. It is responsible for maintenance of the leased premises, and its manager is in charge of the building at all times. The manager controls access to the building; he opens the doors which allows the public to enter the building for bingo games.

The day of Mr. Richard's accident LAAD had two leases with Metro Bingo. One lease was for the period from 10:30 a.m. to 2:30 p.m. "every Tuesday of each week during the years stated." The second lease was for the period from 1:30 p.m. to 5:30 p.m. on Sunday, June 15, 2003. LAAD's rent is $675.00 per bingo session. On June 15, 2003, LAAD could not begin selling tickets until 1:30 p.m., or it would have been in violation of the charitable gaming license it was issued to operate bingo games. Its bingo games for that day did not begin until 2:30 p.m.; they were the first games of the day.

Mr. Richard and his wife filed suit against Metro Bingo and LAAD and their insurers, seeking damages. Metro Bingo and Western World filed a cross claim against LAAD and Alea for defense and indemnity. Metro Bingo alleged that, pursuant to its lease agreement with LAAD and the Additional Insured endorsement of an insurance policy issued in favor of LAAD by Alea, LAAD and Alea owed it indemnity for the Richards' claims and for its own defense costs and attorney fees.

LAAD and Alea filed a motion for summary judgment, asserting that Alea's policy did not provide coverage to Metro Bingo and that LAAD was not liable for the Richards' damages. Metro Bingo and Western World then filed a motion for summary judgment, asserting that Alea owes it a defense and indemnity. The trial court granted LAAD and Alea's motion for summary judgment but denied Metro Bingo and Western World's motion for summary judgment.

### Standard of Review

Appellate courts review motions for summary judgments *de novo*, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. This

inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751, (quoting *S. La. Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writ denied*, 596 So.2d 211 (La.1992)).

A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

### *Discussion*

In its writ and appeal, Metro Bingo argues the trial court erred in finding that it was not entitled to additional insured status and coverage under the Alea policy for

3

the claims of Mr. Richard and that Alea did not have a duty to defend it in this litigation.  In its appeal, Metro Bingo contends the trial court erred in determining that LAAD did not have independent or concurrent tort liability and that it was not an additional insured under Alea's policy.

### *LAAD's Liability and Alea's Coverage*

The trial court determined that LAAD had no liability herein and that Metro Bingo was not an additional insured under Alea's policy.  Metro Bingo argues that, pursuant to the terms of LAAD's lease and Alea's policy, Mr. Richard's incident "arises out of" LAAD's use of the premises; therefore, LAAD has liability for the Richards' claims, and it is an Additional Insured under Alea's policy.

Metro Bingo's lease agreement obligates LAAD as follows:

> Lessee has inspected the leased premises thoroughly and agrees that the bingo hall is suitably equipped and in safe and proper condition for the safe conduct of Lessee's bingo sessions and agrees to provide Lessor with certificates of insurance in an insurance company carrying Comprehensive General Liability with $500,000.00 and which names Lessor as an additional insured, and further which policy will hold Lessor harmless against any and all claims for bodily injury and/or property damage, including cost of attorney fees for defending and all claims arising out of Lessee's occupation of the Leased premises and the conduct of their bingo sessions.

LAAD purchased a policy from Alea which named Metro Bingo as an Additional Insured.  The Additional Insured endorsement reads:

> "WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

> This insurance does not apply to:

> 1.  Any "occurrence" which takes place after you cease to be a tenant in that premises.

> 2.  Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

The trial court determined that because LAAD's lease with Metro Bingo did not begin until 1:30 p.m. and Mr. Richard was injured at 1:15 p.m., no lease was in effect, and Mr. Richard's arriving early to drop off his mother for a bingo game did not "aris[e] out of" LAAD's use of the premises; therefore, LAAD has no liability for the Richards' damages and Alea's policy did not provide coverage to Metro Bingo for the accident.

Metro Bingo focuses its argument on the "arising out of" phrase in the Additional Insured provision. It asserts that because Mr. Richard was at the Metro Bingo facility to bring his mother to the bingo games operated by LAAD, his accident arises out of LAAD's activities on the premises, even though his accident occurred before LAAD was lessee of the premises. It also argues that, if Alea wanted to limit its coverage under the Additional Insured endorsement to LAAD's four-hour lease period, it could have but did not.

Metro Bingo cites three cases in support of its position. The first is a workers' compensation case in which it was determined that an employee's fall in her employer's parking lot fifteen minutes before her shift began was an accident arising out of her employment and covered by workers' compensation. *Francisco v. Harris Mgmt. Co.*, 94-126 (La.App. 3 Cir. 10/05/94), 643 So.2d 386. In *Francisco*, this court observed that an accident on the employer's premises before the employee's shift began was an exception to the general rule that an employee is not in the course and scope of employment and her injuries do not arise out of her employment when

5

traveling to and from work. The other two cases cited do not involve a temporal element; therefore, we find them inapplicable to the facts herein.

Metro Bingo seeks to extend the broad interpretation of workers' compensation law to contract law. However, leases and insurance policies are contracts between the parties and have the effect of law between them. La.Civ.Code arts. 9-13 and 2045-2057. "The intention of the parties is to be determined in accordance with the plain, ordinary, and popular sense of the language used in the agreement and by giving consideration on a practical basis to the instrument in its entirety." *Fleniken v. Entergy Corp.,* 99-3023, 99-3024, p. 6 (La.App. 1 Cir. 2/16/01), 790 So.2d 64, 68, *writs denied,* 01-1269, 01-1295 (La. 6/15/01), 793 So.2d 1250, 1252. "When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given." *Robinson v. Heard,* 01-1697, p. 3 (La. 2/26/02), 809 So.2d 943, 945.

The lease requires LAAD to purchase insurance to indemnify and hold Metro Bingo harmless against claims for bodily injury; it does not obligate LAAD to indemnify and hold Metro Bingo harmless. The lease also does not obligate or transfer responsibility for maintenance of the premises or liability for the premises to LAAD.

The Additional Insured endorsement in Alea's policy contemplates the existence of a lease for there to be coverage, providing in part: "WHO IS AN INSURED . . . is amended to include [Metro Bingo] but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you." No lease was in effect at the time of Mr. Richard's accident. Accordingly, we find no error with

the trial court's conclusion that Metro Bingo was not an additional insured under Alea's policy.

We also find no error with the trial court's conclusion that LAAD has no liability for the Richards' claims. As the trial court observed, if LAAD's liability under the lease is extended beyond the terms of the lease based on the "arising out of" phrase, the question becomes where does its liability end. Metro Bingo prepared the lease and controlled LAAD's and the public's access to its premises at all times. It allowed LAAD employees and members of the public onto its premises before LAAD's lease became effective. LAAD was not responsible for maintenance of the premises under the lease. We agree with the trial court that there must be a bright line to determine when LAAD's liability under the lease began and ended and that bright line is the lease itself.

### Alea's Duty to Defend

Metro Bingo also urges that the trial court erred in denying its claim for Alea to provide it a defense. In *American Home Assurance Co. v. Czarniecki*, 255 La. 251, 269, 230 So.2d 253, 259 (La.1969), the supreme court outlined an insurer's duty to defend, explaining:

> Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App.1967).

> Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Benoit v. Fuselier, ibid.

7

The only evidence that can be considered in a duty to defend claim is the petition and the policy. *Czarniecki,* 255 La. 251, 230 So.2d 253. Therefore, we can only consider the allegations in the Richards' petition and the Additional Insured endorsement of Alea's policy. An insurer has a duty to defend "whenever the pleadings against its insured discloses even a possibility of liability under the policy." *Steptore v. Masco Const. Co. Inc.,* 93-2064, pp. 8-9 (La. 8/18/94), 643 So.2d 1213, 1218.

The Richards' petition states in pertinent part:

> Petitioners aver that the negligence of the defendants, METRO BINGO OF LAFAYETTE, INC., WESTERN WORLD INSURANCE COMPANY, LAFAYETTE ATHLETIC ASSOCIATION OF THE DEAF, INC., ALEA LONDON LIMITED, and/or their agents, employees, servants and representatives, either individually or collectively, consists of the following, though non-exclusive acts of omission or commission:
>
> 1) having knowledge of the vice or defect in the roof of the building in question;
>
> 2) having knowledge that the roof of the building in question was leaking and thereafter failing to adequately maintain and/or make repairs to it, thereby placing patrons in a dangerous situation;
>
> 3) being inattentive in their responsibilities to provide a safe environment to patrons of the bingo hall in question;
>
> 4) all other acts of omissions or commission constituting negligence, which will be proven at a trial of this matter.

As previously discussed, Alea's Additional Insured endorsement contemplates the existence of a lease. The Richards do not allege the existence of a lease. And as previously discussed, LAAD's lease for June 15, 2003, did not begin until after Mr. Richard fell. Thus, assuming all of the above allegations to be true, there is no

basis for coverage under Alea's policy. The trial court's denial of Metro Bingo's demand for a defense by Alea was not error.

### *Disposition*

For the foregoing reasons, the trial court's grant of the motion for summary judgment filed by LAAD and Alea and its denial of the motion for summary judgment filed by Metro Bingo and Western World are affirmed. All costs of this appeal are assessed to Metro Bingo and Western World.

**WRIT DENIED; JUDGMENTS AFFIRMED.**