CITY OF ALEXANDRIA
v.
ANNRICH, INC. ET AL
No. 09-165.
Court of Appeals of Louisiana, Third Circuit.
October 7, 2009.
Not for Publication
STEPHEN EVERETT, Counsel for Defendant/Appellant Annrich, Inc.
STEVEN D. CREWS, Corkern, Crews & Guillet, L.L.C. Counsel for Intervenor/Appellee State Farm Fire & Casualty Co.
Court composed of SYLVIA R. COOKS, OSWALD A. DECUIR, and JAMES DAVID PAINTER, Judges.
DECUIR, J., Concurs in the result. PAINTER, J. Concurs in the result.
COOKS, Judge.

FACTS
The City of Alexandria contracted with Annrich, Inc. (Annrich) for installation of a fiber optic cable system. Annrich is owned and operated by Richard Heath. After completion of Phase I of the project, but before completion of Phase II, the City sued Annrich and Heath. In the City's Petition For Damages, the City, among other allegations, alleges it has suffered damages in the form of costs for additional line testing; repairs which will be necessary as a result of ARI's alleged deviation from detailed specifications for the work; loss of monies paid in excess of State contract prices and in excess of fair market value; improper installation and improper attachment of the fiber cable; and damages to City property which will result from improper installation and improper attachment. The City also alleges negligence as well as fraud.
Annrich and Heath filed an Answer and Affirmative Defenses. Subsequently, State Farm Fire & Casualty Company (State Farm), filed a Petition Of Intervention. State Farm alleges there is no coverage under its CGL policy insuring Annrich and no duty to defend Annrich or Heath on any of the City's claims. State Farm, thereafter, filed a Motion For Summary Judgment asserting it does not owe a defense nor coverage to Annrich and/or Heath for any of the alleged acts set forth in the City's petition.
The trial court entered judgment in favor of State Farm granting their Motion For Summary Judgment finding there is no coverage under State Farm's policy issued to Annrich for any and all claims arising from this litigation. The trial court dismissed all claims against State Farm with prejudice. Annrich appealed arguing there are genuine issues of material fact precluding summary judgment on the coverage question and asserting State Farm must provide it a defense on claims alleged in the City's petition.

ANALYSIS
We review a motion for summary judgment on appeal de novo using the same criteria which govern a trial court's determination of whether summary judgment is appropriate. We must determine whether there is any genuine issue of material fact and whether the movant is entitled to summary judgment as a matter of law. Tabor v. Anco Insulations, Inc. 08-694 (La.App.3 Cir. 12/10/2008), 999 So.2d 258 and cases cited therein. See also La.CodeCiv. P. art 966. In determining whether an insured has a duty to defend, our court has held:
"The only evidence that can be considered in a duty to defend claim is the petition and policy." Richard v. Metro Bingo of Lafayette, Inc., 05-293, p.8 (La. App.3 Cir. 3/29/06), 926 So.2d 83, 88 (citing American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969)). This court recently discussed an insurer's duty to defend, stating as follows: In order to determine whether an insurer may have a duty to defend its insured against claims made against it, we look only to the original allegations of fault made against the insured.
Tabor v. Anco, 999 So.2d 258 at 262.
The Louisiana Supreme Court enunciated the "cornerstone pronouncement" of the duty to defend rule in American Home v. Czarniecki, 230 So.2d 253 at 259:
The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Thus, if assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured.
We must first determine whether plaintiff's petition unambiguously sets forth claims for which there is coverage under State Farm's policy issued to Annrich. Based on our de novo review of the record, we find the trial court erred in finding State Farm's policy does not provide coverage for any of the City's alleged claims. Defendant correctly asserts under its policy there is no coverage for "work product" claims. But a simple reading of the City's Petition For Damages, and Mr. Richard Mitchell's (Mitchell) deposition testimony reveals there are potential claims which are not "work product" claims. While the defense argues in brief that the City asserts none of its property has been damaged, Mitchell's testimony discloses the contrary. He states it is most likely there will be damages to the City's property as a result of the 144 strand fiber cable being mounted on 96 strand holders. As a result of the alleged improperly installed holder, he believes the larger cable will be crushed requiring future repairs. Such damage to the City's property is clearly covered by State Farm's CGL policy insuring Annrich. The City's claims, therefore, are not limited to items excluded under the "work product" exclusion of State Farm's policy, but in fact extend to damage the defendant's "work product" may have caused to property owned by the City, i.e. the existing cable. The extent of such damage is presently unknown and not yet determinable at this time as Phase II is not complete. In Supreme Services v. Sonny Greer, Inc., 06-1827 (La. 5/22/07), 958 So.2d 634 the Supreme Court explained the effect of a "work product" exclusion in a CGL policy as follows:
[I]f a subcontractor's faulty electrical work caused the building to burn down before completion, the "work product" exclusion would eliminate coverage for the faulty electrical work performed by the contractor or subcontractor. However, the operations hazard coverage applies not to the faulty work, but damages arising out of the faulty work. Damage to real property arising out of the faulty work (fire damage) would not be excluded as it would be covered under the PCOH provision.
Id. at 645. Likewise, in this case, if faulty installation of the fiber cable and/or improper attachment of the cable results in damage to the City's property as the City claims, and as Mitchell testified in deposition will likely result, State Farm will be liable for such damages. We are satisfied genuine issues of material facts remain in dispute on the coverage issue which precludes summary judgment on the issue of coverage.
Having determined plaintiff's petition unambiguously sets forth claims for damages which are covered by State farm's insurance policy, it follows that State Farm has a duty to defend its insured. If we assume, as we must, that all of Plaintiff's allegations in its petition are true, it is clear there is both coverage under State farm's policy and liability of the insured to the plaintiff. Thus "the insurer must defend the insured regardless of the outcome of the suit. An insure[r]'s (sic) duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy." Steptore v. Masco Construction, 93-2064 (La.1994), 643 So.2d 1213. The judgment of the trial court is reversed.
REVERSED.